Brian Antonio EDWARDS v. STATE of Arkansas

CA CR 99-1229                          15 S.W.3d 358

Court of Appeals of Arkansas
Division II
Opinion delivered April 26, 2000

*Willard Proctor, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. On November 8, 1995, appellant pleaded guilty to the felony offense of aggravated assault and was placed on probation for a period of three years. Under paragraph 32 of his conditions of probation, appellant was eligible for expungement of his conviction "upon successful completion of his probationary period." Appellant completed his sentence on November 8, 1998, without violating any condition of his probation. There is no evidence of whether appellant's conviction was expunged.

On March 25, 1999, appellant was charged by information with possession of a firearm by a convicted felon pursuant to Ark. Code Ann. § 5-73-103 (Repl. 1997). On April 12, 1999, he filed a motion in limine asserting that the State could not use his previous felony conviction as a basis in a later prosecution for felon in possession of a firearm because the underlying felony was subject to expungement.

Following a pretrial hearing held June 2, 1999, the trial court denied the motion based on its finding that, at the time appellant was placed on probation in November of 1995, Ark. Code Ann. § 16-93-1207 (Supp. 1999), "provided that upon successful completion of probation the Court *may* direct the record of the offender be expunged of the offense for which the offender was convicted" (emphasis added), and that Ark. Code Ann. § 16-90-904 (Supp. 1999), "sets forth the procedure for a defendant to seek expungement pursuant to A.C.A. § 16-93-1207." The trial court found that

there was nothing in the record to show that appellant had taken steps to have his record expunged or sealed. It noted that even though the date of the current offense was outside the probationary period for appellant's prior aggravated assault conviction, the prior felony conviction remained in effect and was available for use by the State as an element of the current offense because appellant's prior record had not been expunged. The trial court noted that appellant's reliance on *Irving v. State*, 301 Ark. 416, 784 S.W.2d 763 (1990), was distinguishable from the present case because the basis of the *Irving* decision was decided under the Youthful Offender Alternative Services Act, which provided that upon completion of probation, the trial court "shall" direct that the record of the eligible offender be expunged of the offense for which the eligible offender was convicted. It further noted that appellant's prior offense occurred in 1995 after the repeal of the Youthful Offender Alternative Services Act. After a bench trial held August 3, 1999, appellant was convicted of being a felon in possession of a firearm and fined $1,000 along with court costs.

Appellant's sole point on appeal is that the trial court erred in denying his motion in limine to exclude the introduction of his prior conviction of aggravated assault, for which he was sentenced under the expunging provisions of Ark. Code Ann. § 16-93-1207.

On appeal, the appellate court will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion nor will the appellate court reverse absent a showing of prejudice. *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999).

Arkansas Code Annotated section 16-93-1207(b)(1) provides that "upon successful completion of probation ... the court may direct that the record of the offender be expunged of the offense of which the offender was convicted...." Arkansas Code Annotated section 16-93-1207(b)(3) further provides that the "procedure, effect, and definition of 'expungement' for the purposes of this subsection shall be in accordance with that established in § 16-90-901 et seq." Under Arkansas Code Annotated section 16-90-904 (a), "an individual who is eligible to have an offense expunged may file a uniform petition to seal records ... with the court in the county where the crime was committed."

Appellant now argues that the trial court abused its discretion when it used his prior felony conviction as the underlying felony in the subsequent prosecution against him for felon in possession of a firearm. He argues that when the trial court sentenced him to probation, the trial court's order and the conditions of probation provided that his conviction "shall" be eligible for expungement upon successful completion of the probationary period. He argues that under the dictate of *Irving, supra*, an underlying felony cannot be used in a subsequent prosecution for felon in possession of a firearm if it is subject to expungement and the expungement is merely a ministerial function to be performed by an official of the trial court.

In this case, however, a sentence must be in accordance with the statutes in effect on the date of the crime. *Nelson v. State*, 284 Ark. 156, 680 S.W.2d 91 (1984). At the time appellant was convicted of his prior felony in November of 1995, he was sentenced under Ark. Code Ann. § 16-93-1207, which provides that the trial court "may" direct that the record of the offender be expunged. Section 16-90-904(a), which sets out the procedures for expungement, further provides that it is the duty of the "individual who is eligible to have an offense expunged," and not the trial court, to file a petition to seal a criminal record. The Youthful Offender Alternative Service Act of 1975, under which the facts in *Irving* were decided, provides that upon completion of the sentence, the Commissioner of the Department of Correction *shall* direct that the record of the eligible offender be expunged. (Emphasis added.) *See* Ark. Stat. 43-2344 et seq. [Ark. Code Ann. § 16-93-501 et seq. (Repealed 1993)]. In *Irving*, the supreme court held that under the language of the Act, young offenders did not have to petition for expungement, and that expungement was a ministerial duty to be completed by the Commissioner of the Department of Correction.

We distinguish *Irving* from the facts in this case because appellant was sentenced and placed on probation under the provisions of Ark. Code Ann. § 16-93-1207 and not the Youthful Offender Alternative Services Act. Although the trial judge had some discretion under Section 16-93-1207 to expunge appellant's record upon the successful completion of appellant's probationary period, this court cannot say that the expungement of appellant's record was merely a ministerial duty of the trial court or a mandated function of the trial court. Therefore, since there is no evidence that appel-

lant petitioned to have his record sealed at the end of his probationary period, this court finds that the trial court did not abuse its discretion in denying appellant's motion in limine.

Affirmed.

ROBBINS, C.J., and STROUD, J., agree.