STATE of Arkansas v. Dexter Carl ROSS

CR 00-1155                                    39 S.W.3d 789

Supreme Court of Arkansas
Opinion delivered April 5, 2001
[Petition for rehearing denied May 3, 2001.]

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Rosalyn A. Watts*, for appellee.

TOM GLAZE, Justice. On August 31, 1999, the State charged Dexter Ross in Faulkner County Circuit Court with being a felon in possession of a firearm (FIP) in violation of Ark. Code Ann. § 5-73-103 (Repl. 1997).[1] The State's FIP charge was based on Ross's earlier Conway County Circuit Court 1994 felony judgment and disposition order that placed him on four years' probation after he entered a plea of guilty to possession of a controlled substance in violation of Ark. Code Ann. § 5-64-401 (1987). Subsequent to the State's filing the August 1999 FIP charge, Ross went to the Conway County Circuit Court and obtained an order dated October 20, 1999, which found Ross had complied with its 1994 orders. Under Ark. Code Ann. § 16-93-301 (1987) (the First Offender statute), the Conway County Circuit Court sealed Ross's case. Ross subsequently moved to dismiss the State's FIP charge in Faulkner County, asserting his underlying 1994 felony could not be used by the State because that felony had been lawfully sealed and expunged. The Faulkner County Circuit Court agreed with Ross and dismissed the FIP count.

---

[1] Section 5-73-103(a) and (b) in relevant part provide (a) No person shall possess or own any firearm who has been convicted of a felony; . . . (b) A determination by a jury or a court that a person committed a felony (1) shall constitute a conviction for purposes of subsection (a) of this section even though the court . . . placed this defendant on probation, . . . .

The State brings this appeal under Ark. R. App. P.—Crim. 3(b). It cites Act 595 of 1995 (still uncodified), and argues that the Act provides that an *expunged felony* conviction *should be considered a felony conviction for purposes of being a felon in possession of a firearm.* Act 595 was enacted after Ross was placed on probation in 1994, and our court has not considered or construed Act 595 until now.

Before addressing Act 595 and determining whether it is applicable to Ross's situation, we look first to Ark. Code Ann. §§ 5-64-401 *et seq.*, under which Ross was found guilty in 1994. Specifically, § 5-64-407, in pertinent part, reads:

> Whenever any person who has not previously pleaded guilty or been found guilty, . . . pleads guilty to or is found guilty of possession of a controlled substance under § 5-64-401 . . . this court . . . may defer proceedings and place him on probation for a period of not less than one year . . . . *Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him.* Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualification or disabilities imposed by law upon conviction of a crime . . . . (Emphasis added.)

Act 998 of 1995 amended § 5-64-407, under which Ross was placed on probation. That Act readopted the same statute, except the Act added the last sentence: "A person against whom such proceedings are discharged or dismissed may seek to have the criminal records sealed, consistent with the procedures established in Ark. Code Ann. §§ 16-90-901—16-90-905."

The State points to the emergency clause of Act 595 and submits that the General Assembly had intended to prevent even those felons whose records were expunged from possessing firearms. The State contends Act 595's passage was made necessary in order to overturn this court's decision in *Irvin v. State,* 301 Ark. 416, 784 S.W.2d 763 (1990). In that case, Irvin pled guilty to a felony under the Youthful Offender Alternative Service Act and was placed on immediate parole for five years. Irvin completed his sentence without incident, but after the five-year parole period ended, the State, using Irvin's prior felony, charged and convicted him of being a convicted felon in possession of a firearm under Ark. Code Ann. § 5-73-103 (Supp. 1989). Our court reversed Irvin's felon-in-possession conviction, holding that, even though Irvin's record may not have been actually expunged, his prior conviction under the Youthful Offender Act could not be used as the underlying felony

in a later prosecution for felon in possession of a firearm. The *Irvin* court reasoned that, under the language of the Youthful Offender Act, an offender does not have to petition for expungement because the expungement is a ministerial duty to be performed by the Commissioner of the Department of Correction.

██ ██ We first note the well-established rule that a sentence must be in accordance with the statutes in effect on the date of the crime. *Nelson v. State*, 284 Ark. 156, 680 S.W.2d 91 (1984); *Hunter v. State*, 278 Ark. 928, 645 S.W.2d 954 (1983); *Edwards v. State*, 70 Ark. App. 127, 15 S.W.3d 358 (2000). As we have already mentioned, Ross pled guilty under § 5-64-401 of the First Offender Act, and under § 5-64-407 of that Act, the Conway County Circuit Court was mandated to discharge Ross and the proceedings against him upon Ross's fulfillment of the terms and conditions of his probation. Following the dictates of § 5-64-407, the Conway County Circuit Court did just that. Also in effect when Ross was placed on probation in 1994, Ark. Code Ann. § 16-93-303(b)(1) (1987), read as follows:

> Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period there of, the defendant shall be discharged without court adjudication of guilt, whereupon *the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record.* (Emphasis added.)

The Conway County Circuit Court's action taken on October 20, 1999, on Ross's 1994 probation judgment was consistent with § 16-93-303(b)(1).[2]

---

[2] While not in effect in 1994, Act 998 of 1995, codified at Ark. Code Ann. § 16-90-902, provides:

> (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.

> (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.

■ While the State contends that Act 595 of 1995 overrules this court's *Irvin* decision, and urges it should control the disposition of Ross's case, Act 595 provides no language indicating the Act should be applied retroactively. *See Elders v. State*, 321 Ark. 60, 900 S.W.2d 170 (1995) (sentencing is now controlled entirely by statute and only when the General Assembly expressly provides that an act should be applied retroactively will we do so).

■ In conclusion, we hold that Act 595 is not applicable to Ross's probation judgment and disposition order entered in 1994, and, as a consequence, the trial court's dismissal of the State's FIP count against Ross was correct.