Colonel Don Melton, Director Arkansas State Police 1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Colonel Melton:
I am writing in response to your request for an opinion on the legality of issuing concealed handgun licenses to individuals with expunged felony convictions. You have reviewed previous Attorney General opinions on this question, but note that recent rulings from the Arkansas Supreme Court may require revisiting the issue. You cite State v. Warren, CR 00-1179 ___ S.W.3d ___ (July 9, 2001) and State v. Ross, 344 Ark. 364,39 S.W.3d 789 (2001).
It will be helpful to set out the surrounding law prior to restating and addressing your questions.
The Director of the State Police is charged with the duty of administering the concealed handgun licensing law, codified at A.C.A. §§5-73-301 to -315 (Repl. 1997 and Supp. 2001). The law states that the Director "shall" issue a license if an applicant meets various requirements, among them that the applicant "[i]s not ineligible to possess a firearm by virtue of having been convicted of a felony in a court of this state, of any other state, or of the United States without having been pardoned for same and had firearms possession rights restored. . . ." A.C.A. § 5-73-309(1)(D)(i) (Supp. 2001). The law further requires that the applicant not be "subject to any federal, state or local law which makes it unlawful to receive, possess or transport any firearm. . . ." A.C.A. § 5-73-309(1)(D)(ii). The first part of this statute, however, does not itself define who is "ineligible," or what constitutes a "conviction." It refers only to a pardon or restoration of firearms rights as the avenues to render such persons "eligible." The use of the word "conviction" prior to these two exceptions, however, is important, as some types of felony adjudications may not in the first place be deemed "convictions" under state law. The second part of the subdivision refers to any other federal, state or local law that might make it unlawful for the applicant to possess a firearm. It is therefore necessary to look to law other than A.C.A. § 5-73-309 to determine the eligibility of an individual applicant to obtain a concealed handgun license. My predecessor concluded that the relevant provision of state law in this regard is the so-called "felon-in-possession" statute, A.C.A. § 5-73-103.[1] See Op. Att'y Gen. 96-247.
As you indicate, however, at least two other acts of the General Assembly are relevant in determining the application of the felon-in-possession statute to individual applicants. The first is Act 346 of 1975, as amended, which is now codified at A.C.A. §§ 16-93-301 to -305 (1987 and Supp. 2001). It is commonly known as the "First Offender Act." The pertinent portions of this act appear at A.C.A. § 16-93-303(a)(1)(A), (a)(2), and (b), as follows:
 (a)(1)(A) Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or municipal court, criminal or traffic division, in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.
* * *
 (2) Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.
* * *
 (b) Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq. [Emphasis added.]
It has been held that if all the requirements of Act 346 are followed, and the record is expunged, the adjudication does not constitute a "conviction." See Duncan v. State, 308 Ark. 205, 823 S.W.2d 886 (1992). If the defendant is found guilty, however, fined or imprisoned, circumstances not present with proper Act 346 compliance, the adjudication is a "conviction." Id. See also Baxter v. State,324 Ark. 440, 922 S.W.2d 682 (1996) and cf. Op. Att'y Gen. 2001-056.
For purposes of possessing a firearm, however, even proper Act 346 adjudications are deemed "convictions" by the second act you reference, Act 595 of 1995. That act, which was never codified in the Arkansas Code by the Arkansas Code Revision Commission,[2] amended A.C.A. § 5-73-103
(the "felon-in-possession" statute). That statute makes it a separate crime for certain persons with prior felony convictions to possess a firearm. Act 595 amended the felon-in-possession statute to provide that expunged felony adjudications could be used as underlying or predicate "convictions" to support felon-in-possession charges. Specifically, the relevant part of Act 595 added the emphasized language to A.C.A. §5-73-103(b) below:
 A determination by a jury or a court that a person committed a felony shall constitute a conviction even though the person was placed on probation, received suspension of imposition or execution of sentence, had his conviction expunged pursuant to any act, or was entitled to have his conviction expunged under any act, except that a person who pleads guilty or nolo contendere or is found guilty of a felony in circuit court may lawfully possess a firearm only if his right to do so is subsequently restored by the Governor pursuant to either subsection (d)(1) or subsection (d)(2) of this section or is otherwise authorized pursuant to subsection (a) of this section.
The effect of Act 595 was to render persons with expunged felony convictions, or those who are entitled to have their convictions expunged, "ineligible" to carry firearms. According to Act 595 they could be prosecuted for the crime of "felon-in-possession" of a firearm. Again, however, Act 595 was never codified, and there has in the past been some controversy over whether it applied to felony offenses adjudicated prior to its effective date. That is, questions arose as to whether a pre-Act 595 felony adjudication by a circuit court, which was later expunged (either before or after Act 595's effective date), could be used as an underlying offense to support a subsequent felon-in-possession charge. My predecessor, in Opinion 95-260, concluded that such charges could lie and that the intent of Act 595 to apply to such adjudications occurring prior to its effective date was "clear."See Op. Att'y Gen. 95-260. Two recent cases of the Arkansas Supreme Court cast doubt on this conclusion and this is what has prompted your opinion request.
You pose the following questions:
 1. Does the Arkansas concealed handgun licensing law, Ark. Code Ann. § 5-73-309, require that a felony conviction must be pardoned and have firearm rights restored before a concealed handgun license must be issued?
 2. If the answer is no, under what circumstances must the Arkansas State Police treat expunged/sealed felony criminal records as if they do not exist?
 3. How must the State Police treat an expunged/sealed felony record for persons whose felony records were sealed and expunged under Act 346 of 1975 before the effective date of Act 595 of 1995?
 4. How must the State Police treat an expunged/sealed felony record for persons who were sentenced under Act 346 of 1975 and sentencing to [sic] place prior to the effective date of Act 595 of 1995, but whose records were not sealed and expunged until after the effective date of Act 595 of 1995?
 5. How must the State Police treat an expunged/sealed felony record for persons who were convicted and their records were sealed and expunged under Act 346 of 1975 after the effective date of Act 595 of 1995?
RESPONSE
I assume your first question has reference only to defendants sentenced under Act 346 of 1975. If that is the case, then the answer to your first question depends upon whether the sentencing took place before or after the effective date of Act 595 of 1995. (It may also depend upon the facts and order relating to a particular defendant, see n. 3, infra). Those defendants properly sentenced under Act 346 prior to Act 595's effective date, who later receive a valid expungement, need not have a specific pardon or restoration of firearms rights to receive a concealed carry license. Those defendants sentenced under Act 346 after Act 595's effective date who later have their records expunged will need a specific pardon, restoration of firearms rights or some type of authorization by the United States Treasury Department in order to be entitled to the issuance of a concealed handgun license. In answer to your second question, the State Police need not treat criminal records as though they don't exist, but must, rather, determine whether individual defendants are prohibited by law from possessing a firearm under A.C.A. § 5-73-309
and § 5-73-103. In response to your third question, in my opinion defendants properly sentenced under Act 346 prior to the effective date of Act 595 who received valid expungements prior to that date are not ineligible to possess firearms and thus must be issued a concealed handgun license if otherwise eligible. In response to your fourth question, in my opinion defendants properly sentenced under Act 346 prior to Act 595's effective date, but who do not receive an expungement of their records until after the effective date of Act 595 are similarly not ineligible to possess firearms and thus must be issued a concealed handgun license if otherwise eligible. In response to your fifth question, in my opinion defendants sentenced under Act 346 after the effective date of Act 595 and who receive expungements of their records after that effective date are ineligible to possess firearms under Act 595 and must either have a specific pardon, a restoration of firearms rights, or some authorization from the Treasury Department in order to be entitled to the issuance of a concealed handgun license.
Question 1 — Does the Arkansas concealed handgun licensing law, Ark. CodeAnn. § 5-73-309, require that a felony conviction must be pardoned andhave firearm rights restored before a concealed handgun license must beissued?
I assume, because of the background information you have supplied, that this question has reference to expunged felony convictions under Act 346 of 1975.[3] In my opinion the answer to your question depends upon whether the sentencing took place before or after the effective date of Act 595 of 1995. I reach this conclusion in light of the Arkansas Supreme Court's recent decisions in State v. Warren, CR 00-1179 ___ S.W.3d ___ (July 9, 2001) and State v. Ross, 344 Ark. 364, 39 S.W.3d 789 (2001).
Ross was decided first. The defendant in Ross was sentenced in 1994 for possession of a controlled substance under A.C.A. § 5-64-407, which is a statute similar to Act 346 for certain first time drug offenders. His sentencing took place prior to the effective date of Act 595 of 1995. In 1999, after the state filed a felon-in-possession charge against him, he obtained an expungement of the earlier felony adjudication. The circuit court dismissed the felon in possession charge because the underlying felony had been expunged. The State appealed. The Supreme Court held that Act 595 was not "retroactive" in application, and the law in existence at the time of sentencing governed. Id. at 367-368. The court therefore affirmed the lower court's dismissal of the felon in possession charge. Presumably, therefore, because his sentencing took place prior to Act 595 of 1995, the expunged felony did not prevent the defendant from being in possession of a firearm.
A similar conclusion was reached in Warren v. State, CR 00-1179, ___ S.W.3d ___ (July 9, 2001). In Warren, the defendant had been sentenced in 1977 under Act 346 for burglary and theft of property. He obtained an expungement of the record in 1997. The state filed a felon-in-possession charge against him on March 1, 2000. The trial court dismissed the felon-in-possession charge based upon the expungement, which it concluded could not be used as a "predicate" felony to support the felon-in-possession charge. Again the State appealed, alleging that Act 595 of 1995 applied and rendered the 1977 adjudication, though expunged, a sufficient predicate felony to support the charge. The Supreme Court affirmed the dismissal of the felon-in-possession charge, citing Ross and again holding that Act 595 cannot be applied "retroactively." The law as it existed at the time of sentencing controls. Id.
Your questions involve how these court cases impact the issuance of concealed handgun licenses under A.C.A. § 5-73-309. Again, that statute requires you to issue a license if the applicant "is not ineligible to possess a firearm by virtue of having been convicted of a felony . . ." and is not "subject to any federal, state or local law which makes it unlawful to . . . possess . . . any firearm." A.C.A. § 5-73-103(1)(D). It appears from the cases above that persons properly sentenced under Act 346 prior to the effective date of Act 595 of 1995 (March 13, 1995) who later comply with the terms of their probation and have their records validly expunged, may lawfully possess firearms.[4] Such persons are therefore not "ineligible" to possess firearms under A.C.A. § 5-73-309 and you must issue them a concealed handgun license if they are otherwise eligible.[5]
On the other hand, persons sentenced under Act 346 after the effective date of Act 595 of 1995, who later comply with the terms of their probation and have their records expunged, will need either a specific pardon, a restoration of firearms rights under A.C.A. § 5-73-103(d) or authorization under A.C.A. § 5-73-103(a) in order to be eligible to possess a firearm.[6]
Question 2 — If the answer is no, under what circumstances must theArkansas State Police treat expunged/sealed felony criminal records as ifthey do not exist?
In my opinion the Arkansas State Police is not obligated to treat such criminal records as though they don't exist. The task of the State Police with regard to the issuance of concealed handgun licenses under these facts is to determine whether the applicant is ineligible to possess a firearm. As noted above, a valid expungement arising from a sentence entered under Act 346 prior to March 13, 1995 does not render an applicant "ineligible" to possess a firearm under Ross and Warren.
Question 3 — How must the State Police treat an expunged/sealed felonyrecord for persons whose felony records were sealed and expunged underAct 346 of 1975 before the effective date of Act 595 of 1995?
See above. The date of sentencing is the pertinent date and if it occurred prior to March 13, 1995, and all the proper procedures were followed to effect a valid expungement, the applicant is not ineligible to possess a firearm.
Question 4 — How must the State Police treat an expunged/sealed felonyrecord for persons who were sentenced under Act 346 of 1975 andsentencing to [sic] place prior to the effective date of Act 595 of1995, but whose records were not sealed and expunged until after theeffective date of Act 595 of 1995?
See above. The date of sentencing is the pertinent date and if it occurred prior to March 13, 1995, and all the proper procedures were followed to effect a valid expungement, the applicant is not ineligible to possess a firearm. The fact that the expungement was not obtained until after the effective date of Act 595 of 1995 is immaterial. That was the case in both Ross and Warren and the court's opinions resulted in each defendant being eligible to possess a firearm.
Question 5 — How must the State Police treat an expunged/sealed felonyrecord for persons who were convicted and their records were sealed andexpunged under Act 346 of 1975 after the effective date of Act 595 of1995?
I interpret this question as involving defendants sentenced under Act 346 after the effective date of Act 595 (March 13, 1995). In my opinion these persons will need either a specific pardon under A.C.A. § 5-73-103
(b)(2), a restoration of firearms rights under A.C.A. § 5-73-103 (d) or some type of authorization from the United States Treasury Department under A.C.A. § 5-73-103(a) to be eligible to possess a firearm. Act 595 of 1995 compels this conclusion. Although there is, as stated earlier, some controversy over the adoption of Act 595 and it remains uncodified, I agree with my predecessor that it became law. See Op. Att'y Gen.96-247. The Arkansas Supreme Court in Ross and Warren said nothing to dispel this conclusion. Act 595 governs applicants with expunged felonies who were sentenced under Act 346 after March 13, 1995. Such persons are ineligible by virtue of Act 595 of 1995 to possess firearms and you may deny the issuance of a concealed handgun license to such persons.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] For purposes of federal law, an expungement is sufficient to restore eligibility to possess a firearm unless the expungement expressly denies the right to possess a firearm. See 18 U.S.C. § 921(a)(20)(B).
[2] For a discussion of the reasons for this action, see Op. Att'y. Gen. 96-247.
[3] Where the defendant is not sentenced under Act 346 or other similar law, has been adjudicated guilty, or sentence has been imposed and there is therefore no valid expungement, the answer to your first question is "yes," but a pardon is not required in all cases. A defendant may have his firearms rights restored under either A.C.A. § 5-73-103(a) or (d) (Supp. 2001) without a pardon.
[4] I use the words "properly" and "validly" in this sentence advisedly. In some cases, a purported expungement entered without proper compliance with statutory procedures will not suffice to obviate a conviction. See e.g. Baxter v. State, 324 Ark. 440, 922 S.W.2d 682
(1996). Where, for example, the circuit court records reflect an adjudication of guilt (i.e. that the defendant was "found guilty,") or that sentence was actually imposed in the way of a fine or imprisonment, a "conviction" will still exist and such an applicant should be deemed ineligible to possess a firearm. Cf. also, Op. Att'y. Gen. 2001-056.
[5] A separate statutory provision governs your denial of a concealed handgun license to persons with certain misdemeanor convictions. See
A.C.A. § 5-73-308 (a)(1). This statutory subdivision does not apply, however, to misdemeanors that have been expunged or for which imposition of sentence was suspended. Id. This opinion does not address your responsibilities with regard to misdemeanor convictions.
[6] I should also note that revocation of a concealed handgun license is required anytime a licensee has been found guilty or has pleadedguilty or nolo contendere to any crime involving the use of a weapon. A.C.A. § 5-73-312 (b). Defendants sentenced under Act 346 of 1975 are not "found guilty," but they do "plead guilty" or nolo contendere in order to invoke the provisions of Act 346. See A.C.A. § 16-93-303. In my opinion, therefore, an existing licensee pleading guilty or nolo contendere to a crime involving the use of a weapon is subject to immediate revocation notwithstanding that his plea was in connection with an Act 346 sentencing.