STATE of Arkansas *v.* Broderick Antoine BURNETT

CR 06-581                                        249 S.W.3d 141

Supreme Court of Arkansas
Opinion delivered February 1, 2007

*Mike Beebe,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellant.

*Raymond Abramson,* for appellee.

JIM GUNTER, Justice. This appeal arises from an order to seal the record of appellee, Broderick Antoine Burnett, in the Monroe County Circuit Court. The State appeals, arguing that the circuit court erred by entering an order to seal Burnett's record of a crime for which expungement was unavailable. We reverse and remand to set aside the circuit court's order to seal Burnett's record.

Burnett was arrested and charged with the offenses of burglary and possession of a controlled substance with intent to deliver. He was found guilty of burglary on February 10, 1997, and

received a sentence of seven years suspended imposition of sentence. He pleaded guilty in 1999 to the reduced charge of possession of a controlled substance in Monroe County Circuit Court. A judgment and commitment order was entered on February 9, 1999, showing that Burnett was sentenced to 60 months' incarceration, with the notation that the sentence could be served in boot camp. Burnett filed a petition to seal his record on June 22, 2005. The State filed an objection on June 29, 2005, submitting that Burnett's incarceration pursuant to the judgment and commitment order made him ineligible for the benefits of expungement under Ark. Code Ann. § 5-4-311 (Repl. 1997). The circuit court entered an order filed on March 2, 2006, sealing the record and holding that Burnett had been sentenced under the provisions of § 5-4-311. The State timely filed a notice of appeal seeking reversal of the order to seal. We review issues of statutory interpretation de novo. *State v. Sola*, 354 Ark. 76, 118 S.W.3d 95 (2003).

Before we discuss the merits of this case, we must first determine whether this issue is properly before us under Rule 3 of the Arkansas Rules of Appellate Procedure – Criminal. The principles governing our acceptance of appeals by the State in criminal cases are well settled and clear: the State's ability to appeal is not a matter of right; rather, it is limited to those cases described under Ark. R. App. P. – Crim. 3. *State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006) (citing *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002)). Under Rule 3, we accept appeals by the State when our holding would establish important precedent or would be important to the correct and uniform administration of the criminal law. *See Thomas, supra.* We have only taken appeals that are narrow in scope and involve the interpretation of the law. *State v. Warren*, 345 Ark. 508, 49 S.W.3d 103 (2001) (citing *State v. Banks*, 322 Ark. 344, 345, 909 S.W.2d 634, 635 (1995)).

In this case, the State asserts that, although this case is docketed with a "CR" number, the State need not satisfy the requirements of Rule 3, which governs State appeals in criminal cases, because this case is neither a direct nor an interlocutory appeal following a prosecution, but is a civil appeal arising from a collateral proceeding on a motion and order to seal a criminal record. *See State v. Dillard*, 338 Ark. 571, 573, 998 S.W.2d 750, 751-52 (1999) (stating that postconviction proceedings pursuant to Rule 37 are civil in nature.) We agree that this appeal is civil in nature, and therefore, the State is not required to satisfy Rule 3.

For its sole point on appeal, the State argues that the circuit court erred by entering an order to seal Burnett's record of a crime for which expungement was unavailable. The State submits that, because Burnett was sentenced to a term of sixty months' imprisonment pursuant to the entry of a judgment and commitment order, he was not sentenced pursuant to § 5-4-311, and would not be eligible under that section to have his criminal record sealed.

Burnett asks that we affirm the trial court's order granting expungement, arguing that he was eligible for expungement because in order to sentence a defendant to imprisonment, a trial court must enter a judgment and commitment order. Burnett contends that the order of sixty months in prison had to be entered. Burnett further submits that he was not a habitual offender and that possession of a controlled substance was not a crime ineligible for expungement.

We begin with the well-established rule that a sentence must be in accordance with the statutes in effect on the date of the crime. *State v. Ross*, 344 Ark. 364, 39 S.W.3d 789 (2001). At the time of Burnett's crime, Ark. Code Ann. § 5-4-311 provided:

> (a) If a judgment of conviction was not entered by the court at the time of suspension or probation and the defendant fully complies with the conditions of suspension or probation for the period of suspension or probation, the court shall discharge the defendant and dismiss all proceedings against him.

> (b) Subject to the provisions of §§ 5-4-501—5-4-504, 5-4-505 [repealed], a person against whom such proceedings are discharged or dismissed may seek to have the criminal records sealed, consistent with the procedures established in § 16-90-901 *et seq*.

Ark. Code Ann. § 5-4-311 (Repl. 1997). Under Ark. Code Ann. § 5-4-311, a person sentenced to probation or suspension as to whom a judgment of conviction was *not* entered may, upon successful completion of the period of probation or suspension, have the proceedings discharged and seek to have the criminal records sealed.

The State argues that because Burnett was sentenced pursuant to the *entry* of a judgment and commitment order, he was not sentenced under Ark. Code Ann. § 5-4-311, and in turn, could not seek, and the circuit court could not enter, an order invoking that section and sealing the criminal record in the case under Ark. Code Ann. § 16-90-901.

We agree with the State's argument. We strictly construe criminal statutes and resolve any doubt in favor of the defendant. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). We have held that a trial court does not have the power to expunge a defendant's record when the defendant was not sentenced under one of the statutes that specifically provides for expunging the record. *Fulmer v. State*, 337 Ark. 177, 180, 987 S.W.2d 700, 701 (1999). A sentence is void or illegal when the court lacks authority to impose it. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002) (holding that under the circumstances of that case, the trial court lacked the authority to sentence the appellant under Act 346 because he was convicted of the crime of sexual solicitation of a child, a crime ineligible for expungement by statute).

In the present case, Burnett was charged with possession of a controlled substance with intent to deliver and pleaded guilty to possession of a controlled substance. The Monroe County Circuit Court entered a judgment and commitment order showing that Burnett was sentenced to sixty months' incarceration, with the notation that the sentence could be served in boot camp. The circuit court clearly had the authority to sentence Burnett to sixty months' incarceration. However, the circuit court did not sentence Burnett under the provisions of § 5-4-311. The judgment and commitment order does not mention that Burnett was sentenced under § 5-4-311. Only in the order to seal does the circuit court state that Burnett was sentenced under the provisions of § 5-4-311.

Further, the fact that the judgment and commitment order stated that the sentence could be served in boot camp is insufficient to make § 5-4-311 applicable in this case. A judgment was entered in this case for a prison term. Although there is a notation referring to boot camp in the judgment and commitment order, the order also states that Burnett cannot be transferred to the Department of Community Punishment, but must instead be transferred to the Arkansas Department of Correction. We held in *Baker v. State*, 318 Ark. 223, 884 S.W.2d 603 (1994), that where the defendant received only probation and a judgment was entered without his objection, he lost his opportunity to avail himself of Ark. Code Ann. § 5-4-311. Here, Burnett did not receive probation. Not only was there a judgment entered without objection, but the judgment contained a prison sentence. Therefore, Burnett cannot avail himself of § 5-4-311 under *Baker, supra*.

■ Because Burnett was sentenced pursuant to the *entry* of judgment and commitment order, we conclude that he could not

have been sentenced pursuant to § 5-4-311, which only allows expungement if the judgment of conviction is *not* entered. Thus, he is ineligible for expungement of his criminal record. Therefore, we hold that the circuit court erred in entering an order to seal Burnett's record. Accordingly, we reverse and remand to set aside the order to seal appellee's record.

Reversed and remanded.