STATE of Arkansas *v.* Theresa WEBB

CR 07-1214                                        281 S.W.3d 273

Supreme Court of Arkansas
Opinion delivered March 20, 2008

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellant.

*Wright, Lindsey & Jennings, LLP*, by: *Jerry J. Sallings* and *Gary D. Marts, Jr.*, for appellee.

After being charged with multiple counts of theft of property, forgery, and fraudulent use of a credit card, Webb was convicted of one count of felony theft of property at a bench trial on November 14, 2006. She was sentenced to thirty-six months' probation, and the judgment and disposition order stated that restitution would be determined at a later date. The order was marked with an "X" next to the statement "Defendant committed a target offense and was sentenced under the Community Punishment Act. Upon successful completion of the conditions of probation/S.I.S. Defendant shall be eligible to have his/her records sealed." "Act 346" was handwritten in next to this statement. Act 346 of 1975, known as the First Offenders Act, is codified at Ark. Code Ann. §§ 16-93-301 to -305 (Repl. 2006 & Supp. 2007). An order of conditions of probation, pursuant to Act 346, set restitution at $2,500. The judgment and disposition order was subsequently amended to reflect the amount and method of distribution of restitution.

The circuit court then held a hearing on Webb's motion to correct the judgment and modify the sentence.[1] Webb's counsel asked that the court modify or dismiss the sentence under Ark. Code Ann. § 5-4-306 (Repl. 2006) and expunge the record under Act 346. In response, the State argued that expungement under Act 346 is not available to defendants who are found guilty at trial. The State asked that the court reconsider sentencing Webb in accordance with Act 346. However, the circuit court terminated Webb's probation and ordered her record expunged. The court entered an order to seal pursuant to Act 346 on July 12, 2007. After

---

[1] This motion is not in the record.

Webb filed a petition to seal, the court entered a second order to seal on September 5, 2007.[2] The State filed a notice of appeal on September 28, 2007, citing the September 5 order to seal as the order from which it appealed.

As a threshold matter, we must first determine whether this appeal is properly before us. Under Rule 3(c) of our Rules of Appellate Procedure – Criminal, appeals by the State are permitted if the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the State, and that the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.–Crim. 3(c) (2007). Pursuant to Rule 3(c), we have stated that we will accept appeals by the State in criminal cases only when our holding would be important to the correct and uniform administration of the criminal law. *State v. Aud*, 351 Ark. 531, 95 S.W.3d 786 (2003). As a matter of practice, we have only taken appeals that are narrow in scope and involve the interpretation of law. *Id.* Appeals by the State are not allowed merely to demonstrate the fact that the trial court erred. *Id.* We have held that an appeal does not involve the correct and uniform administration of the law when it does not present an issue of interpretation of the criminal law with widespread ramifications. *Id.*

The State asserts that it need not satisfy the requirements of Rule 3(c) because the present appeal is civil in nature, notwithstanding its criminal designation. This argument is correct pursuant to our holding in *State v. Burnett*, 368 Ark. 625, 249 S.W.3d 141 (2007). There, the State appealed from an order sealing the appellee's criminal record. *Id.* In support of its argument that it was not required to comply with Rule 3(c), the State contended that the appeal was a civil appeal arising from a collateral proceeding on a motion and order to seal a criminal record. *Id.* This court agreed and held that the State was not required to satisfy the rule. *Id.* In accordance with this holding, the State need not comply with Rule 3(c) in the instant case.

We must also consider Webb's contention that the State has failed to file a timely notice of appeal. The State's September 28

---

[2] Pursuant to Ark. Code Ann. § 16-90-905(a) (Repl. 2006), the uniform petition and order to seal adopted and provided by the Arkansas Crime Information Center must be used for the order to be effective. This explains the court's reason for entering a second order to seal, following the filing of the petition.

notice of appeal of the September 5 order to seal was timely, in accordance with Ark. R. App. P.–Crim. 3(b), which requires that the State file a notice of appeal within thirty days after entry of a final order by the trial judge. However, Webb asserts that the State is actually appealing the sentence itself, rather than the order of expungement. Webb contends that the September 28 notice of appeal would have been untimely if the appeal were taken from any of the three orders setting forth Webb's sentence — the original judgment and disposition order, filed November 20, 2006; the order of conditions of probation, filed December 19, 2006; or the amended judgment and disposition order, filed February 1, 2007. *See* Ark. R. App. P.–Crim. 3(b).

In light of our prior case law, we need not address Webb's timeliness argument. This court views an issue of a void or illegal sentence as being an issue of subject–matter jurisdiction, in that it cannot be waived by the parties and may be addressed for the first time on appeal. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992). The State may raise at any time the issue of the illegality of a sentence. *Renshaw v. Norris*, 337 Ark. 494, 989 S.W.2d 515 (1999). Therefore, we conclude that the issue of a void or illegal sentence may be raised by the State following its timely appeal of the order of expungement.

In deciding whether the circuit court's order of expungement pursuant to Act 346 was proper, we must determine whether the court's sentencing of Webb pursuant to Act 346 was proper. We hold that it was not. Section 16-93-303 provides, in pertinent part:

> Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or district court, in the case of a defendant who has not been previously convicted of a felony, without making a finding of guilt or entering a judgment of guilt and with the consent of the defendant may defer further proceedings and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court.

Ark. Code Ann. § 16-93-303(a)(1)(A)(i) (Repl. 2006). Thereafter, upon violation of a term or condition, the court may enter an adjudication of guilt. Ark. Code Ann. § 16-93-303(a)(2). Otherwise, upon fulfillment of the terms and conditions of probation, or upon

release by the court prior to the termination of the period of probation, the defendant is to be discharged without court adjudication of guilt. Ark. Code Ann. § 16-93-303(b). At that point, the court "shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and expunge the record, if consistent with the procedures established in § 16-90-901 et seq." *Id.*

The record reveals that Webb did not plead guilty or nolo contendere prior to an adjudication of guilt, as required by the statute for eligibility under Act 346. Instead, she entered a plea of not guilty and was adjudicated guilty by the court following a bench trial. Therefore, she was ineligible for sentencing pursuant to Act 346. Our prior case law has emphasized the requirement of a plea of guilty or nolo contendere for Act 346 sentencing. *See Baker v. State*, 310 Ark. 485, 489, 837 S.W.2d 471, 473 (1992) (where appellant was adjudged guilty by a jury, trial court correctly determined that he was not entitled to probation under Act 346, which "applies only to an accused who 'enters a plea of guilty or nolo contendere prior to an adjudication of guilt.' "). Under our de novo standard of review and plain-meaning rule for cases involving statutory interpretation, *see Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005), the circuit court's sentencing of Webb in accordance with Act 346 was improper.

In *Thomas v. State, supra,* we modified part of a judgment sentencing the appellant under Act 346, holding that he was not eligible for Act 346 sentencing because he was convicted of the crime of sexual solicitation of a child, a disqualifying sexual offense. *See* Ark. Code Ann. § 16-93-303(a)(1)(B). We cited the well-settled rule that a sentence is void or illegal when the trial court lacks authority to impose it. *Thomas v. State, supra; see also Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002); *Bangs v. State, supra.* Because the trial court lacked the authority to sentence Thomas under Act 346, our court declared that portion of the sentence illegal.[3] *Thomas v. State, supra.* Similarly, the circuit court in the case at bar lacked the authority to sentence Webb pursuant

---

[3] In *Thomas*, we corrected the illegality by modifying that part of the judgment showing that Thomas was sentenced pursuant to Act 346. *Thomas v. State, supra.* We then affirmed the sentence as modified, pursuant to our rule that a trial court's error in sentencing may be corrected in lieu of reversing and remanding. *Renshaw v. Norris, supra; Bangs v. State,*

to Act 346, as she did not enter a plea of guilty or nolo contendere. Her sentence, to the extent that it is pursuant to Act 346, is void.

The remedy for an illegal sentence is not dismissal of the proceedings. *Bangs v. State, supra.* Rather, the general rule is that if the original sentence is illegal, even though partially executed, the sentencing court may correct it. *Id.; see also Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985). Therefore, we reverse Webb's sentence to the extent that it is in accordance with Act 346 and remand for new sentencing. We also reverse the circuit court's order of expungement. Webb is not eligible for probation under Act 346 and is therefore not entitled to the expungement provisions therein.

Reversed and remanded.

---

*supra.* In the instant case, however, we decline to correct the illegality and affirm as modified, because we are unable to determine from the record whether the sentence was otherwise correct.