Michael REDDIN and Doris REDDIN *v.* STATE of Arkansas

CA CR 85-53                                          695 S.W.2d 394

Court of Appeals of Arkansas
Division II
Opinion delivered September 11, 1985

*Vickery & Jones, P.A.,* for appellants.

*Steve Clark,* Att'y Gen., by: *Mary Beth Sudduth,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Judge. The question raised by this appeal is whether the trial court erred in holding that appellants, Michael and Doris Reddin, failed to rebut the presumption that

money found in close proximity to a large amount of marijuana and to records of distribution of controlled substances was forfeitable under the provisions of Ark. Stat. Ann. § 82-2629(a)(6) (Supp. 1983). Appellants appeal from the trial court's judgment of forfeiture. We affirm.

Appellant, Michael Reddin, was arrested on July 17, 1984, after a lawful search of his bedroom. His bedroom was located in a separate building next to the home of his mother, appellant Doris Reddin. Approximately four and a half pounds of marijuana was seized together with $6,380 in cash. The cash was found by officer Allan Smith in a metal box in the second drawer on the left side of the desk. The officer testified that he discovered small quantities of marijuana in bags in the top drawer of the desk. Along with the money in the metal box, a small book was discovered containing names of individuals known to the police to be drug dealers. The bulk of the marijuana was found in the bedroom area. Appellant Michael Reddin testified that the small book contained names of people who owed him money for drug transactions. Appellant Michael Reddin testified that $6,000 of the money seized was actually money that he had taken without his mother's permission from her bedroom in the main house approximately 28 to 30 hours before he was arrested. Both appellants testified that the $6,000 belonged to appellant Doris Reddin and that it was the residue of some insurance money she had received in earlier years. Appellants each testified that appellant Michael Reddin took the money from appellant Doris Reddin's bedroom without permission and that she had no knowledge that the money was taken or that it would be used to deal in illegal drugs. Appellant Michael Reddin testified that he intended to use the money to buy marijuana and hoped to return the money before his mother discovered that it was missing.

Ark. Stat. Ann. § 82-2629(a)(6) provides:

(a) The following are subject to forfeiture:

(6) everything of value furnished or intended to be furnished, in exchange for a controlled substance or counterfeit substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to facilitate any violation of this Act; except that no property

shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or ommission [sic] established by him to have been committed or omitted without his knowledge or consent.

Rebuttable Presumptions. All moneys, coin and currency found in close proximity to forfeitable controlled substances, to counterfeit substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of controlled substances or counterfeit substances are presumed to be forfeitable under this paragraph. The burden of proof is upon claimants of the property to rebut these presumptions.

Appellants contend in the case at bar that once they adduced any evidence to rebut the statutory presumption, the burden shifted to the State to offer evidence that the $6,000 was in the possession of appellant Michael Reddin with the consent or knowledge of appellant Doris Reddin. We find no merit to this argument. The question is limited to whether appellants overcame the presumption. As noted in *Limon* v. *State*, 285 Ark. 166, 685 S.W.2d 515 (1985), a forfeiture is an *in rem* civil proceeding, independent of the criminal charge and to be decided by a preponderance of the evidence. This Court will set aside the trial judge's findings if they are clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. ARCP Rule 52(a).

We are convinced that the preponderance of the evidence clearly shows that the $6,380 was subject to forfeiture and the trial court's decision is affirmed.

Affirmed.

COOPER and CLONINGER, JJ., agree.