Joseph KANDUR v. STATE of Arkansas

CA CR 86-160 & CA CR 86-174          726 S.W.2d 682

Court of Appeals of Arkansas
Division II
Opinion delivered April 1, 1987

*Young & Finley*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with being a felon in possession of a firearm and possession of a controlled substance with intent to distribute. He was sentenced to one year in prison on the firearms charge and fined $4,000.00, and a term of ten years confinement and a fine of $10,000.00 on the drug charge. A petition to confiscate $10,872.70 was granted by the trial court in a hearing at the close of the trial on the drug charges. We granted a motion to consolidate these cases on appeal.

The appellant makes several arguments regarding the validity of the search warrant. The State concedes that the warrant was invalid because it is the same warrant that we found invalid in a companion case. *Ulrich* v. *State*, 19 Ark. App. 62, 716 S.W. 2d 777 (1986). Because the search warrant was defective, we find

that the trial court erred when it refused to grant the appellant's motion to suppress the evidence seized pursuant to the warrant.

■ The State also concedes that there was insufficient evidence to convict the appellant of the firearms possession charge. The gun was found in the home occupied by both the appellant and his wife. There was no evidence at trial that the appellant was in possession of the firearm. Where there is joint occupancy of premises, mere occupancy is insufficient to convict one of possession of contraband unless there are additional factors linking the appellant with the contraband. *Blair* v. *State*, 16 Ark. App. 1, 696 S.W.2d 755 (1985). Therefore, the appellant's conviction on this charge must be reversed and dismissed.

The appellant also argued, in both cases, that he was denied his right to a speedy trial. However, in his reply brief the appellant states that he does "not seek a ruling on the speedy trial question if a new trial is to be granted." Because this case is being reversed and remanded on the drug charge, we find that the appellant has waived his argument on the speedy trial issue.

The only argument that must be addressed is the appellant's argument that the funds were improperly confiscated. It is the appellant's contention that because the money was found while the police were searching his home under the authority of an invalid search warrant the money could not be confiscated, at least where the only evidence was obtained pursuant to the invalid warrant. We agree.

■ Arkansas Statutes Annotated § 82-2629(a)(6) (Supp. 1985) provides that when money is found in close proximity to drug manufacturing paraphernalia, then a presumption arises that the money is also forfeitable. This statute also sets out a procedure for seizing the property. A law enforcement agent may seize property upon process issued by any circuit court having jurisdiction over the property on petition filed by the prosecuting attorney. Ark. Stat. Ann. § 82-2629(b) (Supp. 1985). Seizure without process may be made if the seizure is incident to an arrest or search under a search warrant. Ark. Stat. Ann. § 82-2629(b)(1) (Supp. 1985). In the case of *Little Rock Police Department* v. *One 1977 Lincoln Continental Mark V*, 265 Ark. 512, 580 S.W.2d 451 (1979), the Arkansas Supreme Court

affirmed a chancellor's order that a car in which 3.14 pounds of marijuana had been found was improperly seized and could not be forfeited. The Court found that the police did not have probable cause to search the car and that the driver had not consented to the search. In the case at bar, the search warrant was invalid because there was no probable cause and, following *Sands, supra*, we hold that the money found in the appellant's home cannot be forfeited as property seized or discovered pursuant to the execution of the warrant.

We find no merit to the State's arguments that the 1981 amendments to this law and subsequent case law have overruled *Sands*. In both of the cases cited to us by the State, *Limon* v. *State*, 285 Ark. 166, 685 S.W.2d 515 (1985), and *Reddin* v. *State*, 15 Ark. App. 399, 695 S.W.2d 394 (1985), it is clearly pointed out that the searches were lawful. The State argues that a forfeiture is an *in rem* civil proceeding, independent of the criminal charge and that the exclusionary rule does not apply. However, this case does not turn on whether the evidence of the seizure can be admitted into evidence, but upon whether the initial seizure was lawful. Here it clearly was not. In conclusion, we do not mean to imply that the money may not be subject to forfeiture on another basis. We only hold that it is not forfeitable as a fruit of the invalid warrant.

Reversed and dismissed in part and reversed and remanded in part.

CRACRAFT and MAYFIELD, JJ., agree.