Steven Ron FORTSON *v.* STATE of Arkansas

CA CR 98-247                                989 S.W.2d 553

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered May 5, 1999

[Substituted opinion on grant of rehearing.]

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

S AM BIRD, Judge. Appellant brings this appeal from the Pulaski County Circuit Court contending that the court

erred in ordering him to make restitution for property that he was not charged with having stolen and which he was not proven to have possessed. We reverse and remand. We originally decided this case on November 19, 1998, and affirmed the trial court. Appellant filed a timely petition for a rehearing, which we granted, and we issue this substituted opinion.

The appellant, Steven Ron Fortson, was charged with violating Ark. Code Ann. § 5-36-106 (Repl. 1995), theft by receiving, after the State alleged that the appellant either received, retained or disposed of property that was valued at more than $200 and belonged to Judy Harness. Property, including antique furniture, was stolen from Harness's home in a series of burglaries occurring May 15, 1996, August 12, 1996, and August 17, 1996. The items had a value of approximately $9,685. On September 9, 1996, Harness contacted the police and informed them that she had found several of the stolen items at different antique stores in North Little Rock. An investigator met with the owner of one of the stores, Sherry Ballard, who informed the investigator that she had purchased the items from the appellant and his co-defendant, Rebecca Rolling, who is not a party in this appeal. Ballard stated that she paid $60 to appellant and his co-defendant for items that Harness had identified as being stolen from her home. Donna Kinder, a manager of the store, stated that she paid appellant and his co-defendant $1,170 for some of the items.

A hearing was held on August 11, 1997, at which time the appellant entered a no-contest plea to theft by receiving, and the court accepted the plea. The following exchange took place at the hearing on appellant's plea:

THE COURT: Would the State state the facts?

MR. PETTY [FOR THE STATE]: In the case of CR-97-620, the State's proof at trial would show that on or about May 11 through May 15, 1996, and on or about August 17, 1996, Ms. Judy Harness had reported some burglaries that occurred at her residence at 4206 Burlingham Road. . . . In those burglaries there were several antiques that were stolen for a total value of

$9685.00. On September 9, 1996, Ms. Harness contacted Investigator Winchester and told him that she had found several of those items at three different antique stores in the North Little Rock area. She then went and met with the owners of those antique stores and identified fifteen items among those three stores which were hers, which she had reported stolen. Those fifteen items had been purchased by the antique shops from Mr. Steven Fortson and Ms. Becky Rolling. Ms. Harness recovered approximately half of her property. There was over $5000.00 worth of property which was outstanding. There were also checks written by the antique stores to Ms. Rolling in the amounts of $2100.00 total for the antiques which were purchased.

MR. FORTSON, DEFENDANT: I have heard the Prosecutor's statement about the facts in these cases. Those are the facts which I do not contest. I do not know of any reason, legal or otherwise, why you should not accept my no contest pleas. I am pleading no contest voluntarily.

THE COURT: In 97-0620, theft by receiving how do you plead?

MR. FORTSON, DEFENDANT: No contest.

Under the terms of the plea agreement, the trial court sentenced appellant to seventy-two months in the Arkansas Department of Correction and ordered him to pay restitution to the victims.

Because the appellant contested the amount of restitution, a hearing was held on October 6 and 13, 1997. The court determined that appellant was obligated to make restitution in the amount of $6,705, which included $1,170 to Kinder and $60 to Ballard, and $5,475 to Harness for property that was not recovered. Appellant did not dispute that he owed restitution in the amount of $1,230 to the antique vendors, Kinder and Ballard. However, he objected to the requirement that he should have to pay Harness because he argued that he had neither been charged with nor pleaded no contest to burglary of Harness's home. He argued that the State had produced no evidence that he ever possessed any of the non-recovered property. Therefore, he argued that the court should not order him to make restitution for a crime with which he had never been charged.

The State admitted the charge against appellant for theft by receiving was based upon the items sold to the antique stores and that the appellant was never charged with or pleaded no contest to committing the burglaries. Even so, the trial court found that appellant had pleaded to the facts as stated by the prosecutor, including the burglaries. Consequently, the trial court ordered appellant to make full restitution, including making payment to Harness in the amount of $5,475, the value of the property taken in the burglaries that had never been recovered.

On appeal and on petition for rehearing, the appellant's sole argument is that he should not have to make restitution for the remaining property because he had not been charged with the burglaries and had not pleaded no contest to committing them. He argues that the State did not produce any evidence that appellant was ever in possession of any of the other non-recovered property. He also contends that the State produced no proof that he stole the property or burglarized Harness's home. He does not challenge the restitution that he was ordered to pay to Kinder and Ballard. The State concedes appellant's argument on appeal, emphasizing that appellant was not charged with burglary and did not plead to burglary; and the State joins in appellant's request that the trial court's judgment be reversed and the case remanded.

Arkansas Code Annotated section 5-4-205(a)(1)-(3) (Repl. 1997) states:

> (a)(1) A defendant who is found guilty or who enters a plea of guilty or nolo contendere may be ordered to pay restitution.
>
> (2) The sentencing authority, whether the trial court or a jury, shall make a determination of actual economic loss caused to a victim *by the crime*. (Emphasis added.)
>
> (3)(A) The determination of the amount of loss is a factual question to be decided by the preponderance of the evidence presented to the sentencing authority during the sentencing phase of a trial.

In the case at bar, the appellant was charged with and pleaded no contest to theft by receiving. He was neither charged with nor did he plead no contest to burglary. These two crimes have dif-

ferent elements. Theft by receiving, as codified at Ark. Code Ann. § 5-36-106(a) (Repl. 1997), is defined as follows:

> A person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen.

Burglary, as codified at Ark. Code Ann. § 5-39-201(a)(1) (Repl. 1997), is defined as follows:

> A person commits residential burglary if he enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing therein any offense punishable by imprisonment.

A person may be found guilty of theft by receiving if he is knowingly in possession of stolen property, even without proof that he took the property himself or acquired it from the actual thief. *King v. State*, 262 Ark. 342, 557 S.W.2d 386 (1977). A person need not have committed burglary, or even received all of the property taken in a burglary, to be guilty of theft by receiving. *Id.* Defendants cannot be convicted of crimes with which they were never charged. *Whitehead v. State*, 316 Ark. 563, 873 S.W.2d 800 (1994); *Hagen v. State*, 315 Ark. 20, 864 S.W.2d 856 (1993); *Brewer v. State*, 286 Ark. 1, 688 S.W.2d 736 (1985). Consequently, defendants cannot plead guilty to crimes with which they have never been charged. *Switzer v. Golden*, 224 Ark. 543, 274 S.W.2d 769 (1955).

Even if the trial court found that the statement of the charge was broad enough to include facts sufficient to find the appellant guilty of burglary as well as theft by receiving, the court erred by ordering restitution for an economic loss that was caused by a crime with which the appellant was never charged, *Whitehead v. State, supra,* and for which the appellant never entered a plea, *Switzer v. Golden, supra.* Therefore, appellant should have been ordered to make restitution for the economic loss that was caused by the crime for which he was charged and for which he pleaded no contest, which was theft by receiving and not burglary. Ark. Code Ann. § 5-4-205.

The dissenting opinion contends that a person should pay restitution for a crime with which he was never charged. We agree that when restitution is due, the determination of the amount of loss is a factual question to be decided by the preponderance of the evidence. *See* Ark. Code Ann. § 5-4-205. However, in this instance, restitution is simply not due for an economic loss that was the result of a crime with which the appellant was not charged.

■ Accordingly, we reverse and remand this case for entry of judgment in the amount of $1,230. We also note that this opinion addresses only the issue of restitution; the appellant did not appeal his sentence of seventy-two months, and we do not address that issue.

Reversed and remanded.

PITTMAN, JENNINGS, and GRIFFEN, JJ., agree.

NEAL and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. The majority has misapplied the standard of review for restitution cases in reversing the trial court's award of restitution. Arkansas Code Annotated § 5-4-205 (Repl. 1997) provides in pertinent part:

(a)(1) A defendant who is found guilty or who enters a plea of guilty or nolo contendere may be ordered to pay restitution.

(2) The sentencing authority, whether the trial court or a jury, shall make a determination of actual economic loss caused to a victim by the crime.

(3)(A) *The determination of the amount of loss is a factual question to be decided by the preponderance of the evidence* presented to the sentencing authority during the sentencing phase of a trial. [Emphasis added.]

On appeal, this court should not reverse unless the trial court's award was clearly against the preponderance of the evidence. *Reddin v. State*, 15 Ark. App. 399, 695 S.W.2d 394 (1985).

The record reflects that the information charging Fortson with theft by receiving read as follows:

Larry Jegley, Prosecuting Attorney of the Sixth Judicial District of Arkansas, in the name, by the authority, and on behalf of the State of Arkansas charges STEVEN RON FORTSON with the crime of violating Ark. Code Ann. § 5-36-106 THEFT BY RECEIVING committed as follows, to-wit: The said defendant(s), in Pulaski County, over a period of time, from on or about May 8, 1996, through on or about November 30, 1996, unlawfully, feloniously, did receive, retain, or dispose of stolen property, said property being valued in excess of $200.00, such being the property of Judy Harness, knowing or having good reason to believe said property was stolen, against the peace and dignity of the State of Arkansas.

Fortson pled no contest to this charge, Judy Harness was listed as the sole victim of his crime, and the charge encompassed the dates of all three burglaries of her property and the subsequent sales by Fortson to the various antique dealers. Furthermore, Fortson did not contest the facts as recited by the prosecutor at his plea hearing regarding the three burglaries and the items stolen from Ms. Harness, including the dates he allegedly received the property, the fact that property valued at over $9600 was taken from Ms. Harness, approximately one half of the items had been recovered, and over $5000 of her property had not been recovered. Unlike his co-defendant, neither Fortson nor his counsel expressed any disagreement with the total value of the subject property as recited by the prosecutor, a fact stressed by the trial court in making the restitution award.

The majority suggests that in dissenting, we are contending that Fortson should pay restitution for a crime with which he was never charged, that of burglary; nothing could be further from the truth. Fortson was directly linked by the evidence to fifteen of the items taken in two of the three burglaries, or about half of the stolen property, including such large and not easily movable items as wardrobes, dressers, chairs, and tables, that had been sold by him to three different antique shops. Under the facts of this case, the trial court could reasonably have found that Fortson's possession of half the stolen items from two of the three burglaries, items not transportable without a truck or other large vehicle, and which he disposed of for less than twenty percent of their retail value, made it *more likely than not* that he had also *received* the bal-

ance of the stolen property, and without concluding that he committed the burglaries. That is all that is required to meet the preponderance of the evidence standard for an award of restitution for full economic loss suffered by the victims of the crime with which Fortson was actually charged: theft by receiving Ms. Harness's property valued at over $200.

I would affirm.

NEAL, J., joins in this dissent.