Donald SIMMONS *v.* STATE of Arkansas

CA CR 04-313                    205 S.W.3d 194

Court of Appeals of Arkansas
Opinion delivered March 16, 2005

*Alvin Schay*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Susan Antley*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. This is an appeal from an order of restitution entered against appellant, Donald Simmons, for items stolen from Billy Bunn, appellant's former em-

ployer. Although Bunn claimed at the restitution hearing that numerous items were stolen from him, the State's theft charges were limited to "namely power tools and a carpet cleaner." Appellant admitted that he stole a carpet cleaner, a drill, and a ladder. He pled either guilty or no contest to the theft of those items, which were valued at the restitution hearing at $2,037.59.[1] However, appellant was ordered to pay $10,140.76 in restitution, which included restitution for the theft of numerous items for which he was not charged. We hold that the trial court erred in ordering appellant to pay restitution for items he was never charged with stealing and for which he never pled guilty or no contest to stealing. Therefore, we reverse the restitution order and remand for the trial court to enter a restitution order consistent with our opinion.

Appellant was charged with Class C felony theft of property pursuant to Ark. Code. Ann. § 5-36-103(b)(2)(A) (Supp. 2003), which governs theft of property valued at more than $500 but less than $2500. In the criminal information, the State alleged that appellant had stolen "namely power tools and a carpet cleaner." The arrest warrant alleged that appellant had stolen a drill and that he had confessed he had stolen a carpet cleaner, and a ladder.[2]

Bunn is a real-estate developer. He operates thirty apartment complexes in Arkansas, but keeps his property related to the maintenance and operation of these apartments at his maintenance warehouse in Arkadelphia, which is in Clark County. At the restitution hearing, Bunn read a list of items that he claimed appellant had stolen from him. The list began as follows:

| | | |
|---|---|---|
| 1. | Carpet cleaner | $1309.59 |
| 2. | Transit | $569 |
| 3. | Fire extinguishers | $625.96 |

---

[1] Appellant asserts that he pled "no contest" to the charges; the State maintains that appellant pled "guilty." The order in this case indicates that appellant "entered a negotiated plea of guilty or nolo contendere." In any event, the result in this case would be the same regardless of which plea appellant entered because a defendant who pleads guilty or no contest may be ordered to pay restitution. Ark. Code Ann. § 5-4-205 (Supp. 2003).

[2] We note that appellant does not seek relief with regard to the order to pay restitution for the theft of the ladder, which was not included in the State's information. Because appellant failed to make the disposition hearing part of the record, we cannot discern whether the State amended the information to include the theft of the ladder. In the absence of appellant asserting error in this regard, we do not consider the issue on appeal.

| 4. | Aluminum mailboxes | $533 |
|----|--------------------|------|
| 5. | Three handicap mirrors | $383.04 |
| 6. | Fire extinguisher cabinets | $116.35 |
| 7. | Generator | $1100 |
| 8. | Extension ladder | $440 |
| 9. | Five stepladders | $1100 |
| 10. | Power washer | $890 |
| 11. | Two wheelbarrows | $108 |
| 12. | Two lawn mowers | $200 |
| 13. | Two weed-eaters | $190 |
| 14. | Two power blowers | $220 |

Bunn initially testified that these objects were missing from different complexes across the state, as well as his shop office in Arkadelphia. Appellant objected to evidence of any property taken from a different county on the ground that any such theft would be an offense not covered under the criminal charge in the instant case. The prosecutor initially agreed.

Bunn then clarified that the items on the list were all stolen from the Arkadelphia warehouse, but may have been designated for use at the different complexes. He then resumed his list, asserting that the following additional items had been stolen:

| 15. | Zip ladder | $260 |
|-----|-----------|------|
| 16. | Power tools | $53.53 |
| 17. | Power tools | $54.05 |
| 18. | Light fixtures | $661.01 |
| 19. | Miscellaneous hardware items | $146.09 |
| 20. | Miscellaneous hardware items | $65.14 |
| 21. | Shop Vac | $84 |
| 22. | Drill | $288 |
| 23. | Light fixtures | $724 |

Bunn testified that the total value of the items taken was $10,140.76.

He additionally testified that he, appellant, and three other people had access to the maintenance warehouse and that the carpet cleaner was taken from that warehouse. Bunn stated that appellant had permission to take the mailboxes to Bradley, Arkansas, and had been instructed to take the five stepladders to five different locations. He also said the power washer was used in Arkadelphia; that the lawn mowers, one power blower, and one

weed eater were used at the Frost Hill apartments in Caddo Valley; and that the other power blower was to be used at Riverwalk Apartments. Bunn stated that the zip ladder and the items listed after the zip ladder were bought specifically for the Holly Grove complex.

When the State moved to introduce the list into evidence, appellant objected that he would not be liable under the instant information for those offenses that occurred outside of Clark County. The trial court overruled appellant's objection.

Appellant admitted during his testimony that he had stolen the carpet cleaner, the drill, and the extension ladder. He also admitted that he had access to the maintenance warehouse. He stated that his job involved painting, decorating, and wall repair and that, except for one occasion, he did not deliver items from the warehouse. On that occasion, appellant installed twenty or thirty fire extinguishers in some apartments. He admitted that he had used a weed eater. He also stated that he used a Shop Vac in a vacant apartment in Delight, but maintained that he left the Shop Vac in the apartment. Appellant denied that he possessed or stole any of the other items on Bunn's list. He said that he never saw the items that Bunn claimed he had permission to take outside of Clark County.

The court ruled as follows:

> Based upon the testimony, the Court finds that the defendant had access to the area where this property was stored and, in fact, did take some of it to the pawn shop and have some of the property pawned. And that Mr. Bunn is the owner of the property and testified as to its value and that it's missing, and the Court sets restitution at $10,140.76.

Appellant now argues that the trial court denied his due-process rights by requiring him to pay restitution in excess of the value of the items that he was charged with stealing. The State first counters that appellant's argument is procedurally barred because appellant is attempting to change his argument on appeal. It maintains that appellant's argument below was based on the fact that, if property was transported to another county and was stolen in another county, he could not be charged with that crime in Clark County. Thus, the State maintains that appellant did not argue below that the evidence pertained to items he had not admitting stealing, as he now argues.

Appellant's objection was raised as follows:

> My objection to it is, Your Honor, the items that he has testified to, that the defendant had his permission to leave the county with, should not be included in this restitution figure because if they were something other than what he instructed his employee to do with them [sic] occurred outside of Clark County, then that would be a separate offense in a different county that he has not been charged with, and that he would not be liable for restitution in this county under this charge, and only the offenses that he has pled to, with the pawn tickets that are attached to the State's Information, should be the offenses that he should have to do [sic] pay restitution for under this charge.

The State countered that:

> [I]f the defendant has already been convicted of theft of property, and if he left this county with intent to steal this property, and that theft occurred in this county and all of these, everything on this list that Mr. Bunn has stated, was stored at his warehouse and is now no longer in his possession so, therefore, it's logical it was stolen out of his warehouse in this county.

It is true that we will not consider arguments that are raised for the first time on appeal and that a party is bound on appeal by the nature and scope of the objections and arguments presented at trial. *Nix v. State*, 54 Ark. App. 302, 925 S.W.2d 802 (1996). Thus, a party cannot change grounds for objection on appeal. *Id.* However, appellant here does not attempt to change the basis of his argument. The essence of appellant's argument raised below is the same as the argument that he now presents to this court: that the order of restitution is partially based on evidence of thefts for which he was not charged. Accordingly, his argument was properly preserved, and we will address it on the merits.

We reverse the restitution order and remand for an order that is consistent with the evidence of the value of the items that appellant was charged with stealing. A defendant who pleads guilty or no contest may be ordered to pay restitution. Ark. Code Ann. § 5-4-205 (Supp. 2003). The purpose of restitution is to make the victim whole with respect to the financial injury suffered *as a result of the victim's crime*. Ark. Code Ann. § 16-90-301 (1987) (emphasis added); *Nix v. State, supra*. The determination of the

amount of loss is a factual question to be decided by the preponderance of the evidence. Ark. Code Ann. § 5-4-205(a)(3)(A).

The trial court erred in ordering appellant to pay restitution for the theft of items for which he had not been charged and to which he did not plead guilty or no contest. The instant case is similar to *Fortson v. State*, 66 Ark. App. 225, 989 S.W.2d 553 (1999). In that case, property had been stolen from the same victim in a series of burglaries. Several of the items were sold to antique shops and it was determined that *Fortson* sold *some* of the stolen items to the shops. The total value of the items recovered from the shops was $1230. *Id.* Fortson pleaded no contest to theft by receiving. He was ordered to pay $6705 in restitution, which included the value of the items of burgled property that had *not* been recovered. On appeal, we reversed the restitution order on the ground that the *Fortson* defendant was not required to pay the value of the items never recovered because he had not been charged with burglary of those items and had not pleaded no contest to any offenses involving the items not recovered. *Id.*

Here, like the *Fortson* defendant, appellant was ordered to pay restitution for the theft of items for which he had not been charged and for which he did not plead guilty or no contest. Plainly, appellant was not charged with theft of any items other than the drill, carpet cleaner, and extension ladder, and he pled guilty *only* to the theft of those items. The purpose of the restitution statute is to make the victim *whole in relation to the crime committed*, not to put the victim in a better position than before the crime occurred. Further, even a preponderance standard does not allow the State, in a restitution hearing, to allege that the victim is entitled to recover based on additional conduct for which the defendant has not been charged. If the State believes that it can prove appellant stole the additional items, it must first obtain a conviction related to those charges, and then seek restitution based on that conviction.

Finally, we are not persuaded by the State's attempt to bring the instant case within the purview of *Nix v. State, supra*. The *Nix* defendant pleaded guilty to Class C felony theft of property in connection with the theft of four Arabian horses. Conflicting testimony was offered with regard to the value of the horses. The trial court ordered restitution in the amount of $19,500. On appeal, the *Nix* defendant argued that he could not be ordered to pay more than $2500 in restitution because the maximum liability

for a Class C felony is $2500. The *Nix* court rejected the argument because it found that there was sufficient evidence that the victim sustained damages in excess of $2500 as a result of the theft of the horses.

*Nix* is easily distinguishable because in that case, the trial court found that there was sufficient evidence that the victim sustained damages in excess of $2500 *as a result of the theft* to which the *Nix* defendant had pleaded guilty. In that case, there was no issue as to whether the property upon which the restitution order was based had been stolen. Rather, the issue there was the value of the horses, the *only* items alleged to have been stolen.

By contrast, appellant here does not challenge the valuation of the property but the fact that the restitution order is based on conduct for which he was never charged. Thus, despite the State's argument to the contrary, it was *not* shown that Bunn suffered $10,140.76 in damages *as a result of* the theft to which appellant pleaded guilty or no contest.

Pursuant to *Fortson, supra,* a trial court has no authority to order restitution that is based on conduct for which a defendant has not been charged or has not pleaded guilty or no contest. Accordingly, we reverse the trial court's order of restitution and remand for the trial court to determine the appropriate amount of restitution based on the value of the items that appellant was charged with stealing and pled guilty or no contest to stealing, consistent with our holding.

Reversed and remanded.

ROBBINS and ROAF, JJ., agree.