SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-473

| | | |
|---|---|---|
| VINCENT BOGARD | | **Opinion Delivered** DECEMBER 10, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-13-2719] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE HERBERT WRIGHT, JUDGE |
| | APPELLEE | |
| | | REVERSED AND REMANDED WITH INSTRUCTIONS |

**DAVID M. GLOVER, Judge**

Appellant Vincent Bogard was charged by criminal information with the offenses of robbery and theft of scrap metal. After a bench trial, the Pulaski County Circuit Court found Bogard guilty of robbery, but found him not guilty of theft of scrap metal. At the sentencing hearing, the trial court placed Bogard on three years' probation, fined him $500 plus court costs, and ordered him to pay restitution of $1,996.50. On appeal, Bogard argues that the trial court erred in ordering him to pay restitution in connection with the alleged commission of theft of scrap metal given the fact that Bogard was found not guilty of this offense by the trial court. We agree with Bogard's argument and reverse the trial court's order for restitution; we further remand this case and order the trial court to direct that any restitution already paid by Bogard be refunded.

At trial, Bradley Rogers, an employee of Whitwell and Ryles Real Estate Investments, testified as follows. On July 22, 2013, he arrived at a house located at 2 Wimberly Drive between 7:45 and 8:00 a.m. to begin work. As he pulled up, he noticed that the air-conditioning unit on the left side of the house had been taken apart and the condensing coil had been taken out. Rogers called his employer and reported the problem. Later, Rogers noticed a white, extended-cab truck pull up and stop; a man exited the truck on the passenger side, walked toward the house, grabbed the garbage can, and began pulling it toward the truck. When Rogers and his co-worker, Richard Barry, confronted the man, asked him to stop, and questioned what he was doing, the man (identified by Rogers as Bogard), told them that he needed to get some trash out of his truck. When Rogers and Barry told him that he could not do that, Rogers was able to look into the trash can and saw that the condensing coil missing from the air-conditioning unit was inside the trash can. When Rogers saw the missing coil, he told Barry to call 911. Rogers testified that Barry then stepped into Bogard's way, and Bogard shoved Barry, ran to the truck, and left. Rogers called 911 with the license-plate number and a description of the truck, and police were able to locate and arrest Bogard. Rogers said that to his knowledge, none of the actions taken by Bogard were authorized.

Steven Whitwell testified that he was part owner and part of management of the LLC that owned 2 Wimberly Drive. According to Whitwell, the company purchases properties to rent and sell. Whitwell said that on July 22, he was notified that the air-conditioning unit at 2 Wimberly Drive had been destroyed and that the cost to temporarily fix the unit and to

SLIP OPINION

SLIP OPINION

permanently replace it was $1,939.50.[1]

The trial court found Bogard guilty of robbery but not guilty of theft of scrap metal. At the sentencing hearing, the prosecuting attorney asserted that Bogard had to pay restitution and at trial the victim had testified to the amount of restitution. Bogard objected, claiming that no restitution was owed because the purpose of restitution was to make the victim whole with respect to the financial injuries suffered as a result of the crime committed; the State's restitution amount was based on the damage done to the air-conditioning unit; and Bogard was found not guilty of theft of scrap metal. The State countered that an element of robbery is intent to commit a theft, and Bogard was convicted of robbery. The trial court overruled Bogard's objection. The State then gave the victim's name as Steven Whitwell. The trial court placed Bogard on three years' probation, fined him $500 plus court costs, and ordered him to pay $1,996.50 in restitution to Steven Whitwell. Bogard now brings this appeal.

Arkansas Code Annotated section 5-4-205 (Repl. 2013), provides, in pertinent part:

> (a)(1) A defendant who is found guilty or who enters a plea of guilty or nolo contendere to *an* offense may be ordered to pay restitution.
>
> . . . .
>
> (b)(1) Whether a trial court or a jury, the sentencing authority shall make a determination of actual economic loss caused to a victim by *the* offense.

(Emphasis added.) The goal of restitution is to make a victim whole. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006). This court has held that it is error for a defendant to be ordered

---

[1]We note that Whitwell's testimony regarding damages and the amount of restitution ordered to be paid differs by $57.

to pay restitution for offenses with which he has not been charged or to which he did not plead guilty or no contest. *Simmons v. State*, 90 Ark. App. 273, 205 S.W.3d 194 (2005); *Fortson v. State*, 66 Ark. App. 225, 989 S.W.2d 553 (1999). In the present case, while Bogard was charged with theft of scrap metal, he was acquitted of this offense at the bench trial.

A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person. Ark. Code Ann. § 5-12-102(a) (Repl. 2013). Bogard does not contest the sufficiency of the evidence to support the robbery conviction. The victim of the robbery was Richard Barry; he did not testify at trial; therefore, no economic-loss evidence as to Barry was presented at trial. The "victim" named by the State as the person to whom restitution was due was Steven Whitwell; but all of Whitwell's testimony went to the economic damage suffered from the destruction of the air-conditioning unit. However, Bogard was acquitted of the theft-of-scrap-metal charge.

The State argues that while Bogard was acquitted on the theft-of-scrap-metal offense, he was found guilty of robbery by the trial court, which qualifies as being found guilty of "an" offense under Arkansas Code Annotated section 5-4-205(a)(1) that authorizes an order of restitution. The State's position is that a defendant who is found guilty of any offense may be ordered to pay restitution, regardless of whether the offense caused any actual economic loss to the victim. We disagree. While there was some actual economic loss in this situation—the destruction of the air-conditioning unit—Bogard was acquitted of the offense

that corresponded with that economic loss—theft of scrap metal. The victim of the robbery for which he was convicted, Richard Barry, presented no evidence that he suffered any actual economic loss. Therefore, the trial court erred in ordering Bogard to pay restitution to Whitwell for the air-conditioning unit, and we reverse that decision. We also remand this case to the trial court to direct that any restitution already paid by Bogard to Whitwell be refunded. *See Simmons*, *supra* (holding that the State must obtain a conviction related to the charges in order to seek restitution based on that conviction).

Reversed and remanded with instructions.

PITTMAN and WHITEAKER, JJ., agree.

*Colleen Barnhill*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.