

Cite as 2017 Ark. App. 320

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-16-670

| | |
|---|---|
| DALANA RENEE PHILLIPS<br>APPELLANT | Opinion Delivered May 17, 2017 |
| V. | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17CR-12-318, 17CR-13-138] |
| | HONORABLE GARY COTTRELL, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Appellant Dalana Phillips challenges the sentencing order of the Crawford County Circuit Court that revoked her probation, sentenced her to the Arkansas Department of Correction, and ordered her to pay restitution. Her sole argument on appeal is that the circuit court erred in ordering restitution following her revocation, and the State concedes error on this point. We reverse and remand.

The procedural history of this matter is straightforward. In 2013, Phillips entered a guilty plea to one count of commercial burglary (Count I), one count of theft of property (Count II), one count of theft by receiving (Count III), and one count of possession of drug paraphernalia (Count IV). She was sentenced to thirty-six months' probation. Her conditions of probation included the terms that she must not commit a criminal offense punishable by imprisonment and that she pay fines, fees, and court costs.

SLIP OPINION

Later in 2013, the State petitioned to revoke Phillips's probation. Phillips pleaded guilty to the petition and was sentenced to two years in a regional correctional facility (RCF) plus ten years' suspended imposition of sentence (SIS) on Count I, a concurrent two-year RCF sentence plus eight years' SIS on Count II, and concurrent six years' SIS on Counts III and IV. Phillips was released from RCF in October 2015.

In January 2016, the State filed another petition to revoke, alleging that Phillips had passed a forged check at Wal-Mart and had failed since August 2015 to make payments toward the fines, fees, and court costs that had been ordered as part of her original probation. The circuit court found that the State had proved by a preponderance of the evidence that Phillips had violated the terms and conditions of her SIS by forging and passing the check and by failing to keep up with her court-ordered payments. The court therefore revoked Phillips's SIS and sentenced her to a term of years in the Arkansas Department of Correction, followed by another period of SIS.[1]

In addition to the prison sentence, however, the circuit court also ordered Phillips to pay $447.11 in restitution within ninety days of her release from prison.[2] Phillips objected to the order of restitution, but the court nonetheless included restitution as part of her sentence. Phillips filed a timely notice of appeal, and she now argues that the circuit court erred in ordering her to pay restitution based on the forged check. We agree.

---

[1]Phillips does not challenge the sufficiency of the evidence supporting the revocation itself.

[2]The amount of restitution was based on the value of the check passed at Wal-Mart.

In the instant case, the circuit court's finding by a preponderance of the evidence that Phillips had passed the forged check was sufficient to revoke her SIS. *See, e.g.*, *Daffron v. State*, 2016 Ark. App. 485, 505 S.W.3d 209 (standard of review for revoking SIS). The court erred, however, in sentencing her to pay restitution. Arkansas Code Annotated section 5-4–205(a)(1) provides that "[a] defendant who is found guilty or who enters a plea of guilty or nolo contendere to an offense may be ordered to pay restitution." Restitution is thus, by statute, connected with an adjudication of guilt. This makes sense because the goal of restitution is to make a victim whole with respect to the financial injury suffered as a result of the crime committed. This court has held that it is error for a court to order a defendant to pay restitution for offenses with which he or she has not been charged or to which he or she did not plead guilty or no contest. *Bogard v. State*, 2014 Ark. App. 700, 450 S.W.3d 690; *Simmons v. State*, 90 Ark. App. 273, 205 S.W.3d 194 (2005); *Fortson v. State*, 66 Ark. App. 225, 989 S.W.2d 553 (1999). In *Simmons*, we reversed a restitution order, noting that "even a preponderance standard does not allow the State . . . to allege that the victim is entitled to recover based on additional conduct [with] which the defendant has not been charged. If the State believes that it can prove appellant stole the additional items, *it must first obtain a conviction related to those charges, and then seek restitution based on that conviction*." *Simmons*, 90 Ark. App. at 279, 205 S.W.3d at 198 (emphasis added).

In Arkansas, sentencing is entirely a matter of statute. *Valencia v. State*, 2016 Ark. App. 176 (citing *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864). Sentencing may not be other

3

SLIP OPINION

than in accordance with the statute in effect at the time of the commission of the crime. *Heard v. State*, 2014 Ark. App. 674. When the law does not authorize the particular sentence pronounced by the trial court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *Id.* Here, the sentence of restitution was not authorized. The circuit court therefore erred in ordering Phillips to pay restitution. As noted above, the State concedes error in this case. We therefore reverse the circuit court's order of restitution and remand for entry of a sentencing order consistent with this opinion.

Reversed and remanded.

VIRDEN and MURPHY, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.