
# SUPREME COURT OF ARKANSAS

No. CV–12–1018

| | | |
|---|---|---|
| STATE OF ARKANSAS | | **Opinion Delivered** September 26, 2013 |
| | APPELLANT | |
| | | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT, SECOND DIVISION |
| V. | | [NO. JV-2003-119-2] |
| V.H. | | |
| | APPELLEE | HONORABLE GARY ISBELL, JUDGE |
| | | AFFIRMED. |

## DONALD L. CORBIN, Associate Justice

Appellant State of Arkansas appeals an order of the Baxter County Circuit Court removing Appellee V.H.'s name from the Arkansas sex-offender registry. In bringing this appeal, the State asserts that the circuit court lacked jurisdiction to consider Appellee's petition because at the time he filed the petition he was twenty-five years of age. This court accepted certification of this appeal from the Arkansas Court of Appeals to consider an issue of statutory interpretation, as well as the issue of whether the State is required to comply with the requirements of Arkansas Rule of Appellate Procedure–Criminal 3 (2013), in order to bring this appeal. Thus, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(5) and (6) (2013). Having determined that this is a proper appeal by the State, we affirm the order of the circuit court.

On August 15, 2003, the Baxter County prosecutor filed a delinquency petition against Appellee, who was sixteen years of age at the time, alleging that he had committed the offense

of rape. The circuit court held a hearing on the petition on November 24, 2003. Following the State's amendment of the charge, Appellee pleaded no contest to a charge of sexual assault in the second degree. The circuit court subsequently entered an order adjudicating Appellee delinquent. Pursuant to this order, Appellee was committed to the Arkansas Division of Youth Services with a recommendation that he be placed in a sex-offender program and that he be released upon completion of that program but remain on probation for six months following his discharge.

On September 8, 2005, the circuit court entered an order releasing Appellee from the custody of youth services and into the custody of his aunt. He remained on probation pursuant to the prior court orders. Then, on November 8, 2005, the circuit court entered an order requiring Appellee to register as a moderate-risk sex offender, extending the prior commitment order so that Appellee could continue participating in after-care services, and suspending and voiding Appellee's probation. The order further provided that the registration requirement could be reassessed in two years. On April 30, 2007, the circuit court entered an order dismissing Appellee's case.

On October 5, 2007, Appellee filed a petition pursuant to Arkansas Code Annotated section 9-27-356(h) (Supp. 2005) requesting that his name be removed from the sex-offender registry. He further noted in his petition that he would turn twenty-one on October 21, 2007. Following a hearing on Appellee's petition, the circuit court entered an order requiring Appellee to undergo a Community Notification Risk Assessment through the University of

SLIP OPINION

Arkansas for Medical Sciences. As a result of that assessment, the circuit court entered an order on October 6, 2008, reclassifying Appellee as a "Level 1 (Low) offender."

Thereafter, on April 16, 2012, Appellee again filed a petition pursuant to section 9-27-356(h), asserting that he did not pose a threat to others and requesting that he no longer be required to register as a sex offender or that his name should appear on the registry. In response, the State filed a motion to dismiss, arguing that the circuit court lacked jurisdiction to consider the petition because Appellee was no longer a juvenile and the court could no longer exercise its jurisdiction over him. The State further asserted that the only rational reading of section 9-27-356(h) is that a petition such as Appellee's may only be filed on the offender's twenty-first birthday and at no other time. The circuit court entered an order on August 30, 2012, releasing Appellee of his requirement to register and removing his name from the sex-offender registry. From that order comes the instant appeal.

As a threshold matter, this court must address Appellee's contention that this appeal by the State is improper, as it does not fall within any of the enumerated appeals allowed by the State under Rule 3.

Pursuant to Arkansas Code Annotated section 9-27-343 (Repl. 2009), all appeals from juvenile court shall be made in the same time and manner provided for appeals in the Arkansas Rules of Appellate Procedure. More specifically, section 9-27-343(b) states that, in delinquency cases, the petitioner may appeal only under those circumstances that would permit the State to appeal in criminal proceedings. This statutory requirement is mirrored in Arkansas Rule of Appellate Procedure–Civil 2(c)(1) (2013). Unlike the right of a criminal

SLIP OPINION

defendant to bring an appeal, the State's right to appeal is limited to the provisions of Rule 3. Under that rule, the State may appeal only from a final order following a misdemeanor or felony prosecution, with the exception of three limited types of interlocutory appeals, none of which are at issue here. *See State v. A.G.*, 2011 Ark. 244, 383 S.W.3d 317; *State v. Nichols*, 364 Ark. 1, 216 S.W.3d 114 (2005). This court has consistently noted the significant differences between appeals brought by criminal defendants and those brought by the State. *See, e.g., State v. K.H.*, 2010 Ark. 172, 368 S.W.3d 46. The former is a matter of right; whereas, the latter is not derived from either the state or federal constitution but is granted pursuant to Rule 3. *Id.* Accordingly, the State's ability to appeal in criminal matters is strictly limited to those circumstances described in Rule 3. *Id.*

However, in reviewing the propriety of a State's appeal, this court has recognized that there are situations when the State is not required to comply with the requirements of Rule 3. More specifically, this court has explained that when an appeal involves neither a direct nor an interlocutory appeal following a prosecution, but is a civil appeal arising from a collateral proceeding, the appeal is civil in nature, and the State is not required to satisfy Rule 3. *E.g., State v. Robinson*, 2011 Ark. 90; *State v. Burnett*, 368 Ark. 625, 249 S.W.3d 141 (2007). For example, in *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008), this court agreed with the State that it need not satisfy the requirements of Rule 3 because the appeal of an order granting a motion to expunge a record was civil in nature, notwithstanding its criminal designation. Similarly, in *Burnett*, we held that the State's appeal of an order sealing an appellee's criminal record was a civil appeal arising from a collateral proceeding and, thus, the

State did not have to satisfy the requirements of Rule 3. *See also State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007) (holding that an appeal by the State of an order granting petitioner relief under Rule 37 was a civil appeal arising from a collateral proceeding); *State v. Wilmoth*, 369 Ark. 346, 255 S.W.3d 419 (2007) (holding that an appeal by the State wherein the State argued that the circuit court lacked jurisdiction to entertain a defendant's motion to dismiss was a collateral proceeding).

In the present case, the State is appealing an order removing a former juvenile-delinquent's name from the sex-offender registry. Most recently, this court held that an appeal by the State from an order releasing an adult offender from the requirement that he register as a sex offender was an appeal arising from a collateral proceeding. *State v. Miller*, 2013 Ark. 329, ___ S.W.3d ___. Likewise, the present appeal, although it involves a former juvenile offender, is an appeal arising from a collateral proceeding, and the State need not satisfy the requirements of Rule 3 in order to bring the appeal.[1]

---

[1]In juvenile cases where this court has dismissed appeals by the State, we have never premised our dismissals on the conclusion that Rule 3 must always be applied or that there can never be appeals from collateral proceedings in juvenile cases. *See K.H.*, 2010 Ark. 172, 368 S.W.3d 46 (dismissing State's appeal of orders denying a petition to impose an adult sentence and a motion for extended-juvenile-jurisdiction review after explaining such an appeal was akin to an appeal from the revocation of a suspended sentence, which is not a proper State's appeal); *A.G.*, 2011 Ark. 244, 383 S.W.3d 317 (dismissing State's appeal of a juvenile-transfer order after rejecting State's argument that its authority to bring the appeal was pursuant to statute and not Rule 3 because the statute conflicted with our court rule on the type of interlocutory appeals allowed to the State). Moreover, because the State is not required to satisfy the requirements of Rule 3, it is irrelevant that the prosecuting attorney is representing the State on appeal.

SLIP OPINION

We turn now to the merits of the State's argument that the circuit court lacked jurisdiction to remove Appellee from the sex-offender registry because at the time of the order Appellee was twenty-five years of age. The State further argues that Appellee's interpretation of section 9-27-356(h) would lead to the absurd result of the circuit court having jurisdiction over Appellee for his entire life except for that period at the end of his probation until the date he turns twenty-one. Appellee counters that the circuit court did in fact have jurisdiction pursuant to section 9-27-356(h). Alternatively, he argues that amendment 80 to the Arkansas Constitution grants the circuit court the necessary jurisdiction to consider his petition.

As the resolution of this appeal hinges on our interpretation of section 9-27-356(h), we must begin our analysis with a review of our rules of statutory construction. The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, 386 S.W.3d 385. The basic rule of statutory construction to which all interpretive guides must yield is to give effect to the intent of the General Assembly. *Falcon Cable Media LP v. Ark. Pub. Serv. Comm'n*, 2012 Ark. 463, ___ S.W.3d ___. When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning. *Scudder v. Ramsey*, 2013 Ark. 115, ___ S.W.3d ___. It is axiomatic that this court has consistently held that it will not engage in statutory interpretations that defy common sense and produce absurd results. *Dep't of Career Educ., Div. of Rehab. Servs. v. Means*, 2013 Ark. 173, ___ S.W.3d ___.

The statute at issue here provides in relevant part:

> The juvenile may petition the court to have his or her name removed from the sex offender register at any time while the court has jurisdiction over the juvenile or when the juvenile turns twenty-one (21) years of age, whichever is later.

Ark. Code Ann. § 9-27-356(h).

Looking at the plain language of this statute, it is apparent that the circuit court has jurisdiction to consider a petition such as the instant one either (1) while the circuit court still has jurisdiction over the juvenile or (2) when the juvenile turns twenty-one. The use of the word "or" clearly indicates that a circuit court may consider such a petition even after an offender's twenty-first birthday. As we noted in *Means*, the word "or" is a disjunctive particle that marks an alternative, generally corresponding to "either," as "either this or that"; it is a connective that marks an alternative. *Id.* at 10, ___ S.W.3d at ___ (quoting *Brown v. Kelton*, 2011 Ark. 93, at 4–5, 380 S.W.3d 361, 364). Were we to accept the State's interpretation that the language "when the juvenile turns twenty-one" means that Appellee was required to file his petition on the exact day of his twenty-first birthday, we would render that portion of the statute almost meaningless because it would so narrowly constrict the opportunity for an offender, such as Appellee, to file his petition. Such an extreme interpretation not only leads to an absurd result but also defeats the legislative purpose of this statute. We therefore conclude that the State's appeal is without merit and affirm the order of the circuit court.

Affirmed.

BAKER, HART, and HOOFMAN, JJ., dissent.

**CLIFF HOOFMAN, Justice, dissenting.** Because this is a not a proper State appeal, I respectfully dissent. In juvenile-delinquency cases, the State may appeal "only under those

7

circumstances that would permit it to appeal in criminal proceedings." Ark. R. App. P.–Civ. 2(c)(1) (2013); *see also* Ark. Code Ann. § 9-27-343(b) (Repl. 2009). Hence, Rule 2(c)(1) directs us to Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal, which governs the circumstances that permit the State to appeal in criminal proceedings.

Although I agree with the majority that the State need not comply with the requirements of Rule 3 in a case involving an adult criminal defendant where the appeal is from a proceeding that is "civil in nature," that principle is inapplicable in the juvenile-delinquency context because the plain language of Rule 2(c)(1) and section 9-27-343(b) specifically requires that the State may appeal only under those circumstances that would permit it to appeal in criminal proceedings. Neither the rule nor the statute allows for the State to appeal delinquency proceedings that are "civil in nature." This distinction is critical because delinquency cases are civil proceedings. *See State v. R.H.*, 2009 Ark. 564, at 4 ("Juvenile matters are considered civil in nature."); *Gilliam v. State*, 305 Ark. 438, 808 S.W.2d 738 (1991) (per curiam) (noting that delinquency proceedings are not penal in nature and are essentially civil proceedings).

Moreover, a close examination of *State v. Burnett*, 368 Ark. 625, 249 S.W.3d 141 (2007) and its progeny supports this conclusion. In those cases, the reason we held that the State was not required to comply with Rule 3 was because the State was not appealing from a criminal proceeding. Rather, the State was allowed to appeal without following the strictures of Rule 3 because it was "neither a direct nor an interlocutory appeal following a prosecution, but . . . a civil appeal arising from a collateral proceeding." 368 Ark. at 626, 249

S.W.3d at 142. In other words, compliance with Rule 3 was simply not necessary where the appeal was from a civil proceeding and not a criminal proceeding. To employ the principle as explained in *Burnett* to a juvenile-delinquency case is at odds with the rule that in delinquency cases, the State is required to bring an appeal only as permitted in criminal proceedings.

Despite the clear directive in both Rule 2(c)(1) and section 9–27–343(b) that the State may appeal in a delinquency case only under those circumstances that would permit it to appeal *in a criminal proceeding*, the result of the majority's decision *requires* the State to comply with Rule 3 to appeal delinquency matters that are "criminal in nature" but *allows* it to appeal any delinquency matter that is "civil in nature" without restriction. In my opinion, this is in direct conflict with the plain language of both the rule and the statute. Consequently, I would not apply the "civil in nature" exception to delinquency appeals.[1]

As for whether the State has complied with Rule 3 in this particular case, I would conclude that the State's appeal is improper. Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal provides in pertinent part:

---

[1]Although I acknowledge that this may lead to inconsistencies between delinquency appeals and their adult counterparts, *see, e.g.*, *State v. Miller*, 2013 Ark. 329, ___ S.W.3d ___ (holding that the State need not satisfy Rule 3 in an appeal from an order terminating an adult offender's obligation to register as a sex offender), we have consistently recognized that "juvenile offenders are not adult prisoners and are not treated as such. Although some overlapping occurs, the entire process and the purpose of the juvenile code set it apart from the criminal code and many of the considerations involved in dealing with juvenile offenders are significantly different." *Robinson By & Through Robins v. Shock*, 282 Ark. 262, 265, 667 S.W.2d 956, 958 (1984).



(b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

(c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that review by the Supreme Court is desirable under this rule, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

Ark. R. App. P.–Crim. 3 (2013). First, it is clear from Rule 3(c) that, although the prosecuting attorney may file the notice of appeal, the attorney general is responsible for reviewing the trial record, determining whether there was prejudicial error to the State, and taking the appeal by lodging the record. *See City of Little Rock v. Tibbet*, 301 Ark. 376, 784 S.W.2d 163 (1990) (holding that where record reflected that the city pursued the appeal independently of the attorney general's office, the State had not complied with Arkansas Rule of Criminal Procedure 36.10, the predecessor to Rule 3).

In this instance, the appellate case file and docket reveal that Jodi Carney, the deputy prosecutor below, lodged the record on November 28, 2012. On December 3, 2012, the attorney general's office checked out the record. On December 12, 2012, David Raupp, Senior Assistant Attorney General, wrote a letter to the clerk of this court "advis[ing] that Appellant's counsel in the referenced case will be Jodi G. Carney, the deputy prosecuting attorney who lodged the record." The appellant's brief in this case was filed by Ms. Carney.

Clearly, the attorney general did not follow the procedure outlined in Rule 3(c) because Ms. Carney, not the attorney general, lodged the record. Moreover, the only evidence that the attorney general reviewed the transcript as required by Rule 3(c) is that the attorney general's office checked out the record after Ms. Carney had lodged it. Yet, the letter from the attorney general's office does not attempt to authorize Ms. Carney to pursue the appeal on the attorney general's behalf; rather, the letter simply states that Ms. Carney will be the attorney of record for the State. Consequently, Ms. Carney, not the attorney general, is pursuing the appeal. Under these circumstances, I would dismiss the appeal simply because it was not pursued in accordance with Rule 3(c).

Alternatively, Rule 3 limits the State's ability to appeal in criminal proceedings to three limited categories of interlocutory appeals or from a final order following a misdemeanor or felony prosecution. In *State v. K.H.*, 2010 Ark. 172, 368 S.W.3d 46, this court dismissed an appeal by the State in a delinquency case where the appeal did not follow "either a misdemeanor or felony prosecution" as required by Rule 3. There, the State attempted to appeal from an order denying a petition to impose an adult sentence and from an order denying a motion for an extended-juvenile-jurisdiction review. *Id.* at 9–10, 368 S.W.3d at 51. We concluded that the appeal was not from a felony prosecution but was more analogous to an appeal from a revocation of a suspended sentence, which we had held was improper for a State appeal. *Id.*

Here, V.H. was placed on the sex-offender registry as a juvenile pursuant to Arkansas Code Annotated section 9-27-356. The State brings its appeal from the circuit court's grant

11

of V.H.'s petition to be removed from the registry. Clearly, this is not an appeal that falls within the scope of one of the three limited types of interlocutory appeals provided by Rule 3(a). Therefore, to be a proper State appeal it must be an appeal following a misdemeanor or felony prosecution. Based on the reasoning in *State v. K.H.*, this is not an appeal following a felony prosecution and, thus, it is not proper for appeal by the State.

Because the State is restrained by court rule and statute from appealing in delinquency cases except as explicitly provided by Rule 3, and here it failed to comply with those requirements, I would dismiss this appeal.

BAKER and HART, JJ., join in this dissent.

*Carney Law Firm*, by: *Jodi G. Carney*, for appellant.

*Andrew S. Bailey*, Fourteenth Judicial District Public Defender's Office, for appellee.

SLIP OPINION