Cite as 2016 Ark. App. 310

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–895

|  |  |  |
|---|---|---|
| W.J.S. | | **Opinion Delivered** June 8, 2016 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17JV-12-208] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | APPELLEE | |
| | | REMANDED |

## M. MICHAEL KINARD, Judge

W.J.S., a minor, appeals from the trial court's order requiring him to register as a juvenile sex offender. Appellant argues that the State's motion for registration should have been dismissed and that the trial court's decision requiring him to register as a sex offender was clearly erroneous. We find no reversible error on the first point but remand on appellant's second point.

In August 2012, the State filed a petition alleging that appellant had committed the offense of rape. At an October 2012 adjudication hearing, appellant entered a plea of true to the amended charge of sexual assault in the fourth degree. He was adjudicated delinquent, placed on probation, ordered to complete residential treatment, and ordered to complete a "Community Notification Risk Assessment." The adjudication order stated that a hearing would be set upon completion of the assessment to review the results if deemed necessary.

Thereafter, the case was periodically reviewed, and appellant's probation was revoked

and extended. In July 2015, appellant, then fourteen years old, completed a registration risk assessment at the University of Arkansas for Medical Sciences. The assessment recommended that appellant be required to register as a sex offender, and the State subsequently filed a motion requesting that the court order registration.

At the registration hearing, appellant moved to dismiss the State's motion, arguing that the State did not have standing to bring the motion under the juvenile-registration statute, Arkansas Code Annotated section 9-27-356 (Repl. 2015). The trial court denied appellant's motion. Helen Chambers, the social worker who completed the assessment, testified about her findings and recommendation. The trial court ruled from the bench that it was ordering registration. The court's written order stated as follows:

> The Court finds by clear and convincing evidence that said Juvenile be required to register as a sex offender, based on the seriousness of the offense, the protection of society, the level of planning and participation of the offense, his previous sexual history, the availability of facilities for treatment available to rehabilitate said Juvenile prior to the expiration of the Court's jurisdiction, the sex offender assessment and any other written reports or other materials relating to said Juvenile's mental, physical, educational and social history, and the testimony of Helen Chambers, L.C.S.W.

Appellant timely appealed.

Arkansas Code Annotated section 9-27-356 provides in part as follows:

(a) If a juvenile is an adjudicated delinquent for any of the following offenses, the court shall order a sex offender screening and risk assessment:

    (1) Rape, § 5-14-103;

    (2) Sexual assault in the first degree, § 5-14-124;

    (3) Sexual assault in the second degree, § 5-14-125;

(4) Incest, § 5-26-202; or

(5) Engaging children in sexually explicit conduct for use in visual or print medium, § 5-27-303.

(b)(1) The court may order a sex offender screening and risk assessment if a juvenile is adjudicated delinquent for any offense with an underlying sexually motivated component.

(2) The court may require that a juvenile register as a sex offender upon recommendation of the Sex Offender Assessment Committee and following a hearing as set forth in subsection (e) of this section.

. . . .

(d) Following a sex offender screening and risk assessment, the prosecutor may file a motion to request that a juvenile register as a sex offender at any time while the court has jurisdiction of the delinquency case if a juvenile is found delinquent for any of the offenses listed in subsection (a) of this section.

(e)(1) The court shall conduct a hearing within ninety (90) days of the registration motion.

Appellant argues that the State was not authorized to file a motion requesting that registration be ordered because he had been adjudicated delinquent for an offense under subsection (b) of the statute, not under subsection (a). Appellant is correct that subsection (d) refers to a motion being filed only when the juvenile is adjudicated delinquent of one of the subsection (a) offenses. However, with regard to a juvenile adjudicated delinquent for an offense under subsection (b), the trial court is authorized under subsection (b)(2) to hold a hearing and require registration when the assessment results in a recommendation that the juvenile be required to register.

The correct application and interpretation of an Arkansas statute is a question of law,

SLIP OPINION

which we decide de novo. *State v. V.H.*, 2013 Ark. 344, 429 S.W.3d 243. The basic rule

of statutory construction to which all interpretive guides must yield is to give effect to the

intent of the General Assembly. *Id.* When reviewing issues of statutory interpretation, the

first rule in considering the meaning and effect of a statute is to construe it just as it reads,

giving the words their ordinary and usually accepted meaning. *Id.* We will not engage in

statutory interpretations that defy common sense and produce absurd results. *Id.*

To require dismissal of the action, as appellant suggests, would render meaningless the

authority provided in subsection (b)(2) of the statute for the trial court to hold a hearing and

order registration of a juvenile adjudicated delinquent for any offense with an underlying

sexually motivated component. Thus, we conclude that appellant's argument on his first

point is without merit.

For his second point on appeal, appellant argues that the trial court clearly erred in

ruling that he be required to register as a sex offender and in failing to make specific written

findings on each statutory factor. Arkansas Code Annotated section 9–27–356(e)(2)(A)

provides that the court shall consider the following factors in making its decision to require

the juvenile to register as a delinquent sex offender: (1) the seriousness of the offense; (2) the

protection of society; (3) the level of planning and participation in the alleged offense; (4) the

previous sex offender history of the juvenile, including whether the juvenile has been

adjudicated delinquent for prior sex offenses; (5) whether there are facilities or programs

available to the court that are likely to rehabilitate the juvenile prior to the expiration of the

court's jurisdiction; (6) the sex offender assessment and any other relevant written reports and other materials relating to the juvenile's mental, physical, educational, and social history; and (7) any other factors deemed relevant by the court. "The court shall make written findings on all the factors in subsection (e) of this section," and upon a finding by clear and convincing evidence that a juvenile should or should not be required to register as a sex offender, the court shall enter its order. Ark. Code Ann. § 9-27-356(f).

Appellant has not cited, nor have we found, any cases discussing the adequacy of the trial court's findings under section 9-27-356; however, we note that nearly identical statutory language is found in another part of the juvenile code. Arkansas Code Annotated section 9-27-318(h)(1) provides that "[t]he court shall make written findings on all of the factors set forth in subsection (g) of this section" in determining whether to transfer a case from the juvenile or criminal division of circuit court. In *Brown v. State*, 2015 Ark. App. 570, we held that a list of the section 9-27-318 factors with check marks beside them did not constitute written findings. Here, the trial court's order similarly lists the statutory factors without making findings on them. As in *Brown*, we remand the case with instructions to enter an order consistent with the statute.

Remanded.

GLADWIN, C.J., agrees.

GRUBER, J., concurs.

**RITA W. GRUBER, Judge, concurring.** I agree with the majority that the hearing

at issue was authorized by statute and that the trial court's order did not comply with the statutory requirement that the court make written findings on the factors it considered in deciding to require registration. I write separately to express my concern that trial courts must follow all aspects of Arkansas Code Annotated section 9-27-356(b) before ordering a juvenile adjudicated delinquent for an offense with an underlying sexually motivated component to register as a sex offender:

> (b)(1) The court may order a sex offender screening and risk assessment if a juvenile is adjudicated delinquent for any offense with an underlying sexually motivated component.
>
> > (2) The court may require that a juvenile register as a sex offender *upon recommendation of the Sex Offender Assessment Committee* and following a hearing as set forth in subsection (e) of this section.

Ark. Code Ann. § 9-27-356 (Repl. 2015) (emphasis added).

In the present case, the trial court followed the recommendation of the licensed social worker who performed the screening and risk assessment at the University of Arkansas for Medical Sciences (UAMS) Department of Pediatrics. Although neither the court's order nor the record indicates that the Sex Offender Assessment Committee made a recommendation that this juvenile register as a sex offender, the issue was not raised below and is not before us for review. While there may be a formal agreement between the committee and UAMS that provides for assessments to be performed, as was done in this case, it is not evident from the record that is before our court.

*Lisa-Marie Norris*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.