MIKE MURPHY, Judge
On October 23, 2017, appellant J.L. pleaded true to one count of theft by receiving, a Class C felony, and one count of breaking or entering, a Class D felony, in the juvenile division of the Benton County Circuit Court. Following a restitution hearing held on January 22, 2018, J.L. was ordered to pay $4302 in restitution. On appeal, J.L. argues that the circuit court erred in ordering him to pay restitution for an offense with which he was neither charged nor adjudicated delinquent and that the circuit court erred when it found J.L.'s actions were the proximate cause of the damages. We affirm.
Fourteen-year-old J.L. pleaded true to theft by receiving after he was arrested for driving a stolen automobile. At the adjudication hearing, the testimony established that J.L. was in possession of a white Nissan that he was able to steal because the keys had been left inside the vehicle. Additionally, J.L. broke into another car to try and find money. At the conclusion of the adjudication hearing, the State requested a restitution hearing because there was a substantial amount of damage done to the Nissan. J.L. contested the amount of restitution, and the circuit court set a restitution hearing for December 11, 2017. When J.L. did not appear at the hearing, the matter was reset, and a second restitution hearing was held on January 22, 2018. J.L. again failed to appear, *82 but the circuit court heard testimony regarding the damage to the vehicle and the costs of repair.
At the restitution hearing, the victim testified that she reported her vehicle stolen in August 2017. She explained that before it was stolen, the front right side and headlight of the vehicle were damaged. She further explained that after the vehicle was recovered, the back-left bumper had two big dents in it and the wheels were bent. The manager of an auto-body repair shop testified that based on his experience he believed the damage was from impact. He further testified regarding the costs of repair. He estimated that repairs to the vehicle would cost $4672. He admitted that the estimate included a fee of $370 for detailing the vehicle, changing the oil, and flushing the radiator. At the conclusion of the hearing, the circuit court ordered restitution in the amount of $4302. This appeal followed.
On appeal, J.L. contends he should not have to make restitution because he was not adjudicated delinquent due to criminal mischief. He also argues that he should be precluded from making restitution because the State did not present evidence to support the circuit court's finding that J.L.'s actions were the proximate cause of the damages. We are not persuaded.
The correct application and interpretation of an Arkansas statute is a question of law, which we decide de novo. State v. V.H. , 2013 Ark. 344, 429 S.W.3d 243. The basic rule of statutory construction to which all interpretive guides must yield is to give effect to the intent of the General Assembly. Id. When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning. Id. We will not engage in statutory interpretations that defy common sense and produce absurd results. W.J.S. v. State , 2016 Ark. App. 310, at 3-4, 495 S.W.3d 649, 652.
The plain language of the relevant statutes in the juvenile code does not support J.L.'s argument. A "delinquent juvenile" is defined as a juvenile who is ten years old or older who committed an act other than a traffic offense or game and fish violation that, if the act had been committed by an adult, would subject the adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state. Ark. Code Ann. § 9-27-303(a)(15)(A)(1) (Repl. 2015). Further, if a juvenile is found to be delinquent, the circuit court may enter an order of restitution to be paid by the juvenile, a parent, both parents, the guardian, or his or her custodian. Ark. Code Ann. § 9-27-330(a)(7)(A). An adult who commits theft by receiving would be subject to restitution. See Fortson v. State , 66 Ark. App. 225, 989 S.W.2d 553 (1999). Thus, it was not necessary for J.L. to be adjudicated for any offense other than theft by receiving to impose restitution.
Next, J.L. contends the State failed to establish that he was the proximate cause of the damage to the vehicle. An order of restitution is authorized by statute only after proof by a preponderance of the evidence that specific damages were caused by the juvenile and that the juvenile's actions were the proximate cause of the damage. Ark. Code Ann. § 9-27-331(e)(1). Restitution is the actual economic loss sustained by an individual or entity as a proximate result of the delinquent acts of a juvenile. Ark. Code Ann. § 9-27-303(50)(A) (Supp. 2017). Such economic loss shall include, but not be limited to, expenses for repair or replacement of property. Ark. Code Ann. § 9-27-303(50)(B).
*83 Here, J.L. pleaded true to one count of theft by receiving, and it is undisputed that he was driving the stolen vehicle. Likewise, there was uncontroverted testimony that before the vehicle was stolen there was no damage to the back bumper and wheels and that once it was recovered, there was damage to the bumper and wheels. Based on these circumstances, we cannot say the circuit court's finding that J.L. caused the damage to the vehicle was clearly against the preponderance of the evidence.
Affirmed.
Harrison and Hixson, JJ., agree.