Cite as 2020 Ark. App. 121

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-19-869

|  |  |  |
|---|---|---|
| Z.B. | | **Opinion Delivered** February 19, 2020 |
| | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43JV-08-325] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BARBARA ELMORE, JUDGE |
| | | REVERSED AND REMANDED |

### N. MARK KLAPPENBACH, Judge

ZB appeals from the order of the Lonoke County Circuit Court denying his petition to terminate his obligation to register as a sex offender. He contends that the court misinterpreted the relevant statute, and the State concedes error. We agree with the parties; accordingly, we reverse and remand.

ZB was adjudicated a juvenile delinquent for the offense of second-degree sexual assault in February 2009. He was subsequently ordered to register as a sex offender. In June 2019, he filed a petition to terminate his obligation to register as a sex offender. ZB argued that because he was now older than twenty-one years of age and more than ten years had passed since his adjudication, he was entitled to relief without the presentation of evidence pursuant to subsection (j) of the juvenile sex-offender-registration statute, Arkansas Code Annotated section 9-27-356 (Repl. 2015). The State argued that ZB was entitled to relief only upon proof by a preponderance of the evidence that he does not pose a threat to the

safety of others. ZB responded that the State's position renders subsection (j) superfluous. The circuit court agreed with the State and found that ZB did not present evidence to meet his burden.

Arkansas Code Annotated section 9-27-356 addresses removal from the registry:

(h) The juvenile may petition the court to have his or her name removed from the sex offender register at any time while the court has jurisdiction over the juvenile or when the juvenile turns twenty-one (21) years of age, whichever is later.

(i) The juvenile division of circuit court judge shall order the juvenile's name removed from the sex offender register upon proof by a preponderance of the evidence that the juvenile does not pose a threat to the safety of others.

(j) If the court does not order the juvenile's name removed from the sex offender register, the juvenile shall remain on the sex offender register for ten (10) years from the last date on which the juvenile was adjudicated a delinquent or found guilty as an adult for a sex offense or until the juvenile turns twenty-one (21) years of age, whichever is longer.

Ark. Code Ann. § 9-27-356.

ZB argues that the circuit court misinterpreted the statute by applying the standard in subsection (i) to a case in which both conditions in subsection (j) are met. He contends that subsection (j) applies when a court does not order the juvenile's name removed pursuant to subsections (h) and (i). Because he has turned twenty-one years of age and more than ten years have passed from the last date he was adjudicated a delinquent or found guilty as an adult for a sex offense, he contends that he was entitled to removal from the registry. The State now agrees with ZB's interpretation of the statute.

The correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *State v. V.H.*, 2013 Ark. 344, 429 S.W.3d 243. The basic rule of statutory construction to which all interpretive guides must yield is to give

2

effect to the intent of the General Assembly. *Id.* When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning. *Id.* In interpreting a statute, we construe it so that no word is left void, superfluous, or insignificant, and we give meaning and effect to every word in the statute, if possible. *Myers v. State*, 2017 Ark. App. 617, 535 S.W.3d 301.

Applying these standards, we agree with the interpretation submitted by the parties. The plain language of the statute does not require that a juvenile prove by a preponderance of the evidence that he or she does not pose a threat to the safety of others if the conditions in subsection (j) are met. There is no dispute that those conditions have been met here; thus, ZB was entitled to have his name removed from the registry. We reverse and remand for the circuit court to enter an order consistent with this opinion.

Reversed and remanded.

VAUGHT and HIXSON, JJ., agree.

*James Law Firm*, by: *Michael Kiel Kaiser* and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.