Cite as 2023 Ark. App. 184

# ARKANSAS COURT OF APPEALS
### DIVISION I
##### No. CR-22-474

| | | |
|---|---|---|
| MINOR CHILD | | Opinion Delivered April 5, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04JV-21-678] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE THOMAS SMITH, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

### BART F. VIRDEN, Judge

Appellant Minor Child (MC1) appeals from the Benton County Circuit Court's order adjudicating him delinquent for committing second-degree sexual assault. Among other things, the circuit court placed MC1 on probation for a period up to two years and ordered him to pay fees, costs, and restitution totaling $685. MC1 argues that the delinquency petition failed to confer subject-matter jurisdiction on the circuit court because it failed to allege an action by him that violated the criminal code. MC1 also argues that he received an illegal sentence in that the circuit court imposed multiple dispositions when only one is permitted. Alternatively, MC1 asserts that three of the dispositions chosen were improper and unauthorized. We affirm.

I. *Background*

The State charged MC1 with committing second-degree sexual assault by engaging in sexual contact with another person by forcible compulsion.[1] The State, however, cited Ark. Code Ann. § 5-14-125(a)(5)(A)(i)–(ii) & (b)(2). Under this section, a person commits second-degree sexual assault if the person, being a minor, engages in sexual contact with another person who is less than fourteen years of age and not the person's spouse.[2] "Sexual contact" means an act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(12)(A) (Supp. 2021).

The delinquency petition alleges the following: "On or about July, 2021, [MC1] engaged in sexual contact with classmate [MC2] by placing her hand on his exposed genitals while at his home located at . . . Pea Ridge, Benton County, Arkansas." Because MC1 does not challenge the sufficiency of the evidence supporting his delinquency adjudication, we need not recite the testimony from trial.

II. *Discussion*

A. Adjudication Petition

---

[1]Sexual assault by forcible compulsion is an offense under Ark. Code Ann. § 5-14-125(a)(1) (Supp. 2021).

[2]The delinquency petition indicates that MC1 was born in January 2009, and the victim, MC2, testified that she was born in September 2012.

Because jurisdiction is the authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is a defense that may be raised at any time by either party—even for the first time on appeal. *State v. D.S.*, 2011 Ark. 45, 378 S.W.3d 87. The circuit court shall have exclusive original jurisdiction of and shall be the sole court for proceedings in which a juvenile is alleged to be delinquent, including juveniles ten to eighteen years of age. Ark. Code Ann. § 9-27-306(a)(1)(A)(i) (Repl. 2020). "Delinquent juvenile" means a juvenile ten years old or older who has committed an act other than a traffic offense or game and fish violation that, if the act had been committed by an adult, would subject the adult to prosecution for a felony, misdemeanor, or violation under the applicable criminal laws of this state. Ark. Code Ann. § 9-27-303(15)(A)(i) (Repl. 2020).

The delinquency petition is the charging instrument in a juvenile proceeding. Ark. Code Ann. § 9-27-310(a) (Repl. 2020). In delinquency proceedings, the petition must set forth any and all sections of the criminal laws allegedly violated. Ark. Code Ann. § 9-27-311(e)(1)(D). The supreme court has held that an information in an adult criminal proceeding is sufficient if it names the defendant, the offense charged, the statute under which the charge was made, and the court and county where the alleged offense was committed; and if it sets forth the principal language of the statute and the asserted facts constituting the offense. *Smith v. State*, 2016 Ark. 201, 491 S.W.3d 463 (rejecting an argument that errors or deficiencies in the information deprived the circuit court of subject-matter jurisdiction).

MC1 argues that the circuit court did not obtain subject-matter jurisdiction over the juvenile proceedings because the adjudication petition did not allege that he committed an act prohibited by a criminal statute. He says that "at no point from the affidavit of probable cause to the delinquency petition to the trial were facts alleged (or shown) that [MC1]'s actions violated [Ark. Code Ann. § 5-14-125(a)(5)]." According to MC1, the alleged act of maneuvering MC2's hand is not criminalized under the statute. MC1 argues that there was no allegation that he touched MC2's sex organs, buttocks, anus, or breast. Moreover, he states that the alleged grabbing of a hand is not a necessary part of the touching of those prohibited areas on MC2's body.

Although we find MC1's argument novel and interesting, we hold that the delinquency petition was sufficient to put MC1 on notice of what he must defend against at trial. The State alleged violations of two sections of the Criminal Code—the citation to one of which may have been unintentional. Nevertheless, the State alleged both sexual contact by forcible compulsion and sexual contact between minors. The definition of sexual contact refers to the touching of the sex organs of *a person*, as opposed to *another person*. The touching of "a person" would, of course, include the touching of MC2's sex organs but would also include the touching of MC1's own penis.[3]

---

[3]MC1 points out that we construe criminal statutes strictly and resolve any doubts in favor of the defendant, citing *Metzner v. State*, 2015 Ark. 222, 462 S.W.3d 650; however, to the extent MC1 is raising a statutory-interpretation argument for the first time on appeal, we do not address it. *See McArty v. Payne*, 2021 Ark. 85.

Further, in *Rains v. State*, 329 Ark. 607, 953 S.W.2d 48 (1997), the supreme court affirmed the adult defendant's convictions for first-degree sexual assault when the evidence established that he had made two minor victims touch his penis. In *Robinson v. State*, 2016 Ark. App. 550, 506 S.W.3d 881, we affirmed the adult defendant's conviction for second-degree sexual assault because the evidence established that the defendant forced the victim to hold his penis until he ejaculated. Also, in *Europe v. State*, 2015 Ark. App. 460, 468 S.W.3d 792, we affirmed the adult defendant's conviction for second-degree sexual assault when, among other things, he grabbed the victim's hand and forced her to touch his exposed penis. Although these cases do not expressly hold that the touching of the defendant's genitals constitutes "sexual contact," they do illustrate that MC1, by placing MC2's hand on his penis, committed an act that if committed by an adult would constitute a criminal felony offense.[4]

The delinquency petition here conferred subject-matter jurisdiction on the circuit court because it properly alleged that MC1 committed second-degree sexual assault when he placed MC2's hand on his penis. Although MC1 couches his argument in terms of subject-matter jurisdiction, MC1 appears to be challenging the sufficiency of the delinquency petition itself. That argument, however, is not preserved for review because MC1 did not

---

[4]Second-degree sexual assault is a Class B felony if committed by an adult and a Class D felony if committed by a minor against another minor less than fourteen years old and not the person's spouse. Ark. Code Ann. § 5-14-125(b) (Supp. 2021).

5

raise any objection below.[5] The proper time to object to the form or sufficiency of an indictment or information—similar to the delinquency petition here—is prior to trial. *L.C. v. State*, 2012 Ark. App. 666, 424 S.W.3d 887.

## B. Multiple Dispositions

MC1 next contends that he received an illegal sentence. The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal. *Norton v. State*, 2018 Ark. App. 507, 563 S.W.3d 584. Specifically, MC1 argues that the circuit court could enter only one disposition under Ark. Code Ann. § 9-27-330 (Repl. 2020). Section 9-27-330(a) provides that, if a juvenile is found to be delinquent, the circuit court may enter an order "making any of the following dispositions," taking into consideration the best interest of the juvenile. The alternatives are listed one through fifteen, and there is an "or" between fourteen and fifteen. According to MC1, the title and language of the statute indicate that the legislature intended to provide disjunctive alternatives.

The correct application and interpretation of an Arkansas statute is a question of law, which we decide de novo. *W.J.S. v. State*, 2016 Ark. App. 310, 495 S.W.3d 649. The basic rule of statutory construction to which all interpretive guides must yield is to give effect to the intent of the General Assembly. *Id.* When reviewing issues of statutory interpretation, the first rule in considering the meaning and effect of a statute is to construe it just as it

---

[5]Likewise, MC1 may not challenge the sufficiency of the evidence supporting his adjudication because he did not move for dismissal below as required by Ark. R. Crim. P. 33.1(b) & (c).

6

reads, giving the words their ordinary and usually accepted meaning. *Id.* Here, to the extent that MC1's statutory-interpretation argument is preserved, it would have been easy enough for the legislature to have inserted the word "one" between "any" and "of" in the statute if it had intended for the circuit court to impose only one disposition. The plain language of the statute indicates that the circuit court could sentence MC1 to multiple dispositions. Alternatively, MC1 argues that the statute did not authorize the circuit court to assess a $20 drug-screening fee, to order that he pay $100 "restitution to Benton County in lieu of a fine," or to order his mother to provide his health-insurance information.

1. *Drug-screening fee*

MC1 argues that there is no provision in section 9-27-330(a) for the circuit court to have ordered a drug-screening fee. While there is no such specific provision, section 9-27-330(a)(4)(A) provides that the circuit court may place the juvenile on probation under those conditions and limitations that the court may prescribe pursuant to section 9-27-339(a). The only limitations provided for in subsection (a) are that the conditions of probation must be in writing and must be explained to the juvenile and the juvenile's parents.

In the adjudication order terms and conditions, the circuit court ordered that MC1 "shall be drug tested at the discretion of the [Juvenile Probation Officer], and shall not test positive for any substance or adulterate/manipulate any drug screen by the JPO." Thereafter, the circuit court ordered the payment of a $20 drug-screening fee. Once the circuit court ordered that MC1's probation be conditioned on being subject to drug testing at the request

of the probation officer, which is a common condition of adult probation, it was reasonable for the circuit court to require MC1 to pay a fee in connection with such drug screening.

## 2. *Restitution in lieu of a fine*

MC1 contends that the circuit court was not authorized to order the payment of restitution to Benton County. MC1 argues that restitution may be ordered only in favor of a victim and relies on section 9-27-331(e)(2)(A) (Repl. 2020) for authority. Moreover, citing *Clampert v. State*, 352 Ark. 176, 99 S.W.3d 414 (2003), MC1 contends that the circuit court imposed what is in reality a fine and simply called it restitution. MC1 asserts that the circuit court did not impose a fine under section 9-27-330(a)(8) and that the only other authority for such fine is under Ark. Code Ann. § 16-90-307(c) (Repl. 2016), which is referred to as "an additional fine" to be imposed on criminal defendants, which does not apply to MC1.

Section 9-27-330(a)(7)(A) provides that the circuit court may order that restitution be paid by the juvenile or a parent. If the juvenile is placed on probation, any restitution ordered may be a condition of the probation. Ark. Code Ann. § 9-27-330(d)(2). Referring to restitution, subsection (f) of section 9-27-330 provides that a money judgment for restitution may be "in favor of the state, the victim, or any other appropriate beneficiary." MC1 has not explained why Benton County is not an appropriate beneficiary under the statute. We conclude that the payment of $100 restitution to Benton County was not an unauthorized fine under section 16-90-307(c) and was a reasonable condition of MC1's probation.

## 3. *Health-insurance information*

MC1 argues that his mother should not have been ordered to provide his health-insurance information because he had not been committed to a youth-services center or detained in a juvenile-detention facility. Section 9-27-330(a)(14) provides that, when a juvenile is committed to a youth-services center or detained in a juvenile-detention facility and the juvenile is covered by private health insurance, the circuit court may order the parent or guardian to provide information on the juvenile's health-insurance coverage, including a copy of the health-insurance policy and the pharmacy card when available, to the juvenile-detention center or youth-services center that has physical custody of the juvenile.

The adjudication order provides that MC1's parent will "provide the Juvenile Probation Officer with all health insurance information for any necessary services for the youth and to report any change of insurance provider or cancellation." MC1 was not committed or detained as described in subdivision (a)(14); however, his mother had already been instructed in the arraignment order to provide all necessary documents to the probation office, specifically, his "health insurance card" if requested. This was a reasonable condition of probation should MC1 need to be committed or detained. In any event, because MC1's mother had already been ordered to provide the information, MC1 cannot establish prejudice in the later adjudication order, especially considering that he raised no objection to the earlier directive.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Quattlebaum, Grooms & Tull PLLC*, by: *Noah P. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.