Cite as 2025 Ark. App. 266

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-24-454

| | | |
|---|---|---|
| GALE LINN BLACK | | Opinion Delivered April 30, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CR-22-755] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RAPLH C. OHM, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

Gale Linn Black appeals the Garland County Circuit Court's award of $16,450 in restitution for damages he caused to a garage building and other property. We affirm.

## I. *Relevant Facts*

On September 30, 2022, Black was served with a writ of possession barring him from Tillery's Towing, his former workplace, which includes a large car lot and a fifty-thousand-square-foot garage. Shortly thereafter, Black trespassed onto the premises and spray-painted graffiti on the Tillery's Towing sign; the garage, bay doors, and hopper; and several vehicles.

Black pleaded guilty to criminal mischief and was sentenced to ten years' probation with restitution to be determined at a separate hearing. At the restitution hearing, Chad Tillery, the business owner, testified that he had tried to color match the existing paint on the garage building with store-bought spray paint but was not successful. He provided a

receipt for $12.42 for the paint. Tillery explained that he consulted a restoration company, seeking an estimate for repairs that would match the paint exactly. The restoration company first provided an estimate of $5400, but after Tillery clarified the area that needed restoration, the company gave a corrected second estimate for $20,450. The second invoice estimated $3500 for the twenty-foot bay door, $7500 for three fourteen-foot bay doors, $450 for the hopper, and $9000 for the side of the building facing the road. Tillery testified that four repossessed cars on the property were covered in graffiti and provided invoices for the estimated repair costs amounting to $5500, $975, $750, and $750. Tillery stated that the cars range from twenty to thirty years old, and they are either undriveable or their status is unknown. He explained that he sells parts from the cars and that it is hard to say what the parts would bring. Tillery provided a written estimate of $350 for the sign repair. Tillery explained he did not file an insurance claim because he had recently filed one for $150,000, and he did not want his insurance canceled over something "this ignorant." During cross-examination, he disagreed with counsel's suggestion that he could use paint thinner and lacquer to remove the graffiti, stating that if he used this method, the new paint would not match the existing paint and would cause further damage to his garage. He explained that it would be necessary to repaint the entire front of the garage where the graffiti is located.

Black moved for a directed verdict, which was denied. He did not present a defense. The circuit court awarded $16,450 in restitution, awarding half the amount requested for car repairs and reducing the $9000 claim for repainting the front side of the garage to $5000. The court determined that the actual economic loss caused by Black's vandalism was

$18,299.92, $16,450 of which was for the repair to the building. The court ordered Black to pay $100 a month toward restitution to begin thirty days after completing a misdemeanor jail sentence. Black's motion to convert the restitution award to a civil judgment was denied. He timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

A. Restitution for Future Expenses

For his first point on appeal, Black argues that an order for restitution for future speculative expenses is not permitted under Ark. Code Ann. § 5-4-205(b)(1) (Repl. 2024); thus, the circuit court acted outside its authority when it imposed restitution based on the estimates for repairs to Tillery's property that had not yet occurred. His argument is not well taken.

This is a question of statutory interpretation, which we review de novo. *See Phillips v. State*, 2017 Ark. App. 320, 525 S.W.3d 8. Penal statutes are to be strictly construed with all doubts resolved in favor of the defendant. *Mason v. State*, 2022 Ark. 47, at 3, 639 S.W.3d 348, 351. Strict construction means narrow construction and requires that nothing be taken as intended that is not clearly expressed. *Id.* The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id.* Sentencing is entirely a matter of statute. *Id.* However, we will not engage in statutory interpretations that defy common sense and produce absurd results. *J.L. v. State*, 2018 Ark. App. 629, 567 S.W.3d 80.

3

Arkansas Code Annotated § 5-4-205(a)(1) provides that "[a] defendant who is found guilty or who enters a plea of guilty or nolo contendere to an offense may be ordered to pay restitution." The statute further provides that "the sentencing authority shall make a determination of actual economic loss caused to a victim by the offense." Ark. Code Ann. § 5-4-205(b)(1). The goal of restitution is to make the victim whole and accurately reflect the amount of economic loss the victim suffered. *Jester v. State*, 367 Ark. 249, 254, 239 S.W.3d 484, 489 (2006).

The statute does not define "economic loss"; however, our case law provides guidance on what constitutes economic loss for purposes of restitution. Actual economic loss may include the cost of repair or replacement of stolen or damaged property. *See Smith v. State*, 2023 Ark. App. 188, at 10, 664 S.W.3d 252, 258. *Baugh v. State*, 2021 Ark. App. 400, 635 S.W.3d 9, also provides guidance regarding the meaning of actual economic loss. In *Baugh*, cows belonging to Gerry Harris wandered onto Jimmy Baugh's neighboring property. Baugh sold the cows at auction without Harris's permission and subsequently pleaded guilty to obstructing governmental operations. At the hearing on restitution, Harris testified that the sale price of the cows was inadequate as a basis for restitution because his business practice was to breed the cows, then sell the calves. Harris offered testimony regarding the value of the calves. The court agreed with Harris and based its award of restitution on the value of the cows themselves and the calves they would have produced. *Baugh* shows that the circuit court, as fact-finder, has the discretion to determine what factors contribute to the amount of restitution necessary to make the victim whole. By not defining the term "actual economic

4

loss," the legislature allowed the fact-finder to determine restitution that is fair and necessary in each individual case.

Additionally, as the State points out, Black's interpretation of the statute would lead to an absurd and unfair result because victims who cannot afford to repair the damage caused by a defendant's criminal conduct would never be made whole. It is axiomatic that our appellate courts will neither interpret a statute in a manner that defeats its legislative purpose, nor will we interpret a statute to lead to an absurd result. *See Arnold v. State*, 2011 Ark. 395, at 12, 384 S.W.3d 488, 497.

### B. Amount of Restitution

For his second point on appeal, Black argues that the amount of restitution is not based on substantial evidence. We disagree.

The determination of the amount of loss is a factual question to be decided by preponderance of the evidence presented to the sentencing authority during the sentencing phase of a trial. Ark. Code Ann. § 5-4-205(b)(4)(A). On appeal, it is our job to determine whether the amount of restitution is supported by substantial evidence. *Jester v. State*, 367 Ark. 249, 239 S.W.3d 484 (2006). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Rogers v. State*, 2025 Ark. App. 192, ___ S.W.3d ___.

Black contends that Tillery did not present evidence that "extensive professional cleanup" is necessary "to address aesthetic imperfections in an old metal building that sat on a used car tow lot." He asserts that counsel's suggestion that Tillery use paint thinner and

5

lacquer should have been weighed more heavily by the circuit court than Tillery's opinion that such a method would cause further damage. Black accuses Tillery of overstating his damages and seems to argue that Tillery had an obligation to mitigate his damages by claiming the damage on his insurance. Black cites no authority to support any of these arguments. Black essentially asks this court to reweigh the evidence in his favor; however, as stated above, the circuit court as fact-finder has the role of weighing the evidence and assessing witness credibility. *See* Ark. Code Ann. § 5-4-205(b)(4)(A); *Baugh*, *supra*.

In light of the evidence Tillery presented regarding the estimated cost of the repairs, we hold that there is substantial evidence to support a restitution amount of $16,450, and we affirm.

C. Payment Plan

For his final point on appeal, Black argues that the circuit court did not consider his financial condition when it ordered him to pay restitution in $100 monthly installments. He argues that Ark. Code Ann. § 5-4-205(e)(2)(A) requires that the court take into account the defendant's financial resources and "the burden that payment of restitution will impose with regard to another obligation of the defendant[.]" Black's argument is not preserved for our review.

Below, Black's counsel stated, "I'd ask for the – it to be converted to a civil judgment given Mr. Black's indigency status. Even homelessness at this point, Your Honor." There was discussion regarding Black's release from serving a misdemeanor sentence, and the court ordered that Black begin payments of $100 a month thirty days after his release.

Black has expanded his argument on appeal and now argues for the first time that the circuit court must inquire "into Appellant's financial resources or any other payment obligations he may have." He contends that "the circuit court made no inquiry into how Appellant might obtain the funds to make the restitution payments." Arguments not raised below are waived, and parties cannot change the grounds on appeal and are bound by the scope and nature of the objections and arguments presented at trial. *See Claggett v. State*, 2019 Ark. App. 208, at 4, 575 S.W.3d 169, 172. Accordingly, we affirm.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Ben Motal*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.